**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | | Chapter 11 |
| BC HOSPITALITY GROUP INC., | | Case No. 20-13103 (___) |
| Tax I.D. No. 82-4228766 | Debtor. | |
| In re: | | Chapter 11 |
| BC HOSPITALITY GROUP LLC, | | Case No. 20-13104 (___) |
| Tax I.D. No. 35-2519360 | Debtor. | |
| In re: | | Chapter 11 |
| BC INTERNATIONAL LLC, | | Case No. 20-13105 (___) |
| Tax I.D. No. 81-4851356 | Debtor. | |
| In re: | | Chapter 11 |
| BC COMMISSARY NJ LLC, | | Case No. 20-13106 (___) |
| Tax I.D. No. 35-2550230 | Debtor. | |
| In re: | | Chapter 11 |
| E2 185 BLEECKER LLC, | | Case No. 20-13107 (___) |
| Tax I.D. No. 61-1746862 | Debtor. | |

27408075.4

| | |
|---|---|
| In re:<br><br>E2 60 WEST 22ND STREET LLC,<br><br>        Debtor.<br>Tax I.D. No. 30-0879567 | Chapter 11<br><br>Case No. 20-13108 (___) |
| In re:<br><br>E2 LAFAYETTE LLC,<br><br>        Debtor.<br>Tax I.D. No. 37-1797419 | Chapter 11<br><br>Case No. 20-13109 (___) |
| In re:<br><br>BC WILLIAMSBURG LLC,<br><br>        Debtor.<br>Tax I.D. No. 81-1568277 | Chapter 11<br><br>Case No. 20-13110 (___) |
| In re:<br><br>BCRC LLC,<br><br>        Debtor.<br>Tax I.D. No. 81-2747297 | Chapter 11<br><br>Case No. 20-13111 (___) |
| In re:<br><br>CW SSS LLC,<br><br>        Debtor.<br>Tax I.D. No. 81-2449958 | Chapter 11<br><br>Case No. 20-13112 (___) |
| In re:<br><br>BC UNION SQUARE LLC,<br><br>        Debtor.<br>Tax I.D. No. 61-1885172 | Chapter 11<br><br>Case No. 20-13113 (___) |

| | |
|---|---|
| In re: | Chapter 11 |
| BC 1385 BROADWAY LLC, | Case No. 20-13114 (___) |
| Debtor. | |
| Tax I.D. No. 83-2182138 | |
| In re: | Chapter 11 |
| BC 630 LEXINGTON LLC, | Case No. 20-13115 (___) |
| Debtor. | |
| Tax I.D. No. 83-4603202 | |
| In re: | Chapter 11 |
| CCSW FENWAY LLC, | Case No. 20-13116 (___) |
| Debtor. | |
| Tax I.D. No. 81-1585517 | |
| In re: | Chapter 11 |
| E2 SEAPORT LLC, | Case No. 20-13117 (___) |
| Debtor. | |
| Tax I.D. No. 37-1799720 | |
| In re: | Chapter 11 |
| BC BACK BAY LLC, | Case No. 20-13118 (___) |
| Debtor. | |
| Tax I.D. No. 36-4880550 | |
| In re: | Chapter 11 |
| BC PROVIDENCE LLC, | Case No. 20-13119 (___) |
| Debtor. | |
| Tax I.D. No. 81-4900737 | |

| | |
|---|---|
| In re: <br><br> BC SILVER LAKE LLC, <br><br>          Debtor. <br><br> Tax I.D. No. 81-1852825 | Chapter 11 <br><br> Case No. 20-13120 (___) |
| In re: <br><br> BC CENTURY CITY LLC, <br><br>          Debtor. <br><br> Tax I.D. No. 83-4670901 | Chapter 11 <br><br> Case No. 20-13121 (___) |
| In re: <br><br> BC WEST HOLLYWOOD LLC, <br><br>          Debtor. <br><br> Tax I.D. No. 84-3053878 | Chapter 11 <br><br> Case No. 20-13122 (___) |

**DEBTORS' MOTION FOR
ENTRY OF ORDER (I) DIRECTING JOINT ADMINISTRATION
OF RELATED CHAPTER 11 CASES; AND (II) GRANTING RELATED RELIEF**

BC Hospitality Group Inc. and its affiliated debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby submit this motion (this "Motion") for entry of an order granting the relief described below. In support hereof, the Debtors rely on the *Declaration of David Selinger in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[1] filed concurrently herewith, and further represent as follows:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

27408075.4

4

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1.

## RELIEF REQUESTED

4. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), directing the joint administration of these chapter 11 cases for procedural purposes only and granting related relief.

5. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all papers in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BC HOSPITALITY GROUP INC., *et al.*,[1]<br><br>                               Debtors. | Chapter 11<br><br>Case No. 20-13103 (\_\_\_)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: BC Hospitality Group Inc. (8766); BC Hospitality Group LLC (9360); BC International LLC (1356); BC Commissary NJ LLC (0230); E2 185 Bleecker LLC (6862); E2 60 West 22nd Street LLC (9567); E2 Lafayette LLC (7419); BC Williamsburg LLC (8277); BCRC LLC (7297); CW SSS LLC (9958); BC Union Square LLC (5172); BC 1385 Broadway LLC (2138); BC 630 Lexington LLC (3202); CCSW Fenway LLC (5517); E2 Seaport LLC (9720); BC Back Bay LLC (0550); BC Providence LLC (0737); BC Silver Lake LLC (2825); BC Century City LLC (0901); and BC West Hollywood LLC (3878). The Debtors' mailing address is 205 Hudson Street, Suite 1001, New York, New York 10013.

6. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

7. The Debtors also request that the Court make a separate docket entry on the docket of each of the Debtors, other than BC Hospitality Group Inc., to reflect joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: BC Hospitality Group LLC, Case No. 20-13104 (\_\_\_); BC International LLC, Case No. 20-13105 (\_\_\_); BC Commissary NJ LLC, Case No. 20-13106 (\_\_\_); E2 185 Bleecker LLC, Case No. 20-13107 (\_\_\_); E2 60 West 22nd Street LLC, Case No. 20-13108 (\_\_\_); E2 Lafayette LLC, Case No. 20-13109 (\_\_\_); BC Williamsburg LLC, Case No. 20-13110 (\_\_\_); BCRC LLC, Case No. 20-13111 (\_\_\_); CW SSS LLC, Case No. 20-13112 (\_\_\_); BC Union Square LLC, Case No. 20-13113 (\_\_\_); BC 1385 Broadway LLC, Case No. 20-13114 (\_\_\_); BC 630 Lexington LLC, Case No.

20-13115 (___); CCSW Fenway LLC, Case No. 20-13116 (___); E2 Seaport LLC, Case No. 20-13117 (___); BC Back Bay LLC, Case No. 20-13118 (___); BC Providence LLC, Case No. 20-13119 (___); BC Silver Lake LLC, Case No. 20-13120 (___); BC Century City LLC, Case No. 20-13121 (___); and BC West Hollywood LLC, Case No. 20-13122 (___).  The docket in Case No. 20-13103 (__) should be consulted for all matters affecting this case.

## BACKGROUND

8. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code and elected proceed under Subchapter V of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or official committee of unsecured creditors has been appointed in these chapter 11 cases.

9. Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration, filed concurrently herewith and incorporated herein by reference.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The twenty Debtor entities are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Local Rule 1015-1.

12. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

27408075.4

8

## **NOTICE**

14. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) holders of the twenty (20) largest unsecured claims on a consolidated basis against the Debtors; (c) counsel to the Debtors' post-petition lenders; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the Office of the United States Attorney for the District of Delaware; and (g) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

27408075.4

9

# **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: December 14, 2020<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP**<br><br>*/s/ Elizabeth S. Justison*<br>M. Blake Cleary (No. 3614)<br>Elizabeth S. Justison (No. 5911)<br>Rodney Square, 1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>E-mail:  mbcleary@ycst.com<br>            ejustison@ycst.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

27408075.4

# EXHIBIT A

**Proposed Order**

27408075.4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BC HOSPITALITY GROUP INC.,<br><br>      Debtor.<br>Tax I.D. No. 82-4228766 | Chapter 11<br><br>Case No. 20-13103 (___) |
| In re:<br><br>BC HOSPITALITY GROUP LLC,<br><br>      Debtor.<br>Tax I.D. No. 35-2519360 | Chapter 11<br><br>Case No. 20-13104 (___) |
| In re:<br><br>BC INTERNATIONAL LLC,<br><br>      Debtor.<br>Tax I.D. No. 81-4851356 | Chapter 11<br><br>Case No. 20-13105 (___) |
| In re:<br><br>BC COMMISSARY NJ LLC,<br><br>      Debtor.<br>Tax I.D. No. 35-2550230 | Chapter 11<br><br>Case No. 20-13106 (___) |
| In re:<br><br>E2 185 BLEECKER LLC,<br><br>      Debtor.<br>Tax I.D. No. 61-1746862 | Chapter 11<br><br>Case No. 20-13107 (___) |

2

| | |
|---|---|
| In re: <br><br> E2 60 WEST 22ND STREET LLC, <br><br>        Debtor. <br> Tax I.D. No. 30-0879567 | Chapter 11 <br><br> Case No. 20-13108 (___) |
| In re: <br><br> E2 LAFAYETTE LLC, <br><br>        Debtor. <br> Tax I.D. No. 37-1797419 | Chapter 11 <br><br> Case No. 20-13109 (___) |
| In re: <br><br> BC WILLIAMSBURG LLC, <br><br>        Debtor. <br> Tax I.D. No. 81-1568277 | Chapter 11 <br><br> Case No. 20-13110 (___) |
| In re: <br><br> BCRC LLC, <br><br>        Debtor. <br> Tax I.D. No. 81-2747297 | Chapter 11 <br><br> Case No. 20-13111 (___) |
| In re: <br><br> CW SSS LLC, <br><br>        Debtor. <br> Tax I.D. No. 81-2449958 | Chapter 11 <br><br> Case No. 20-13112 (___) |
| In re: <br><br> BC UNION SQUARE LLC, <br><br>        Debtor. <br> Tax I.D. No. 61-1885172 | Chapter 11 <br><br> Case No. 20-13113 (___) |

| | |
|---|---|
| In re: <br><br> BC 1385 BROADWAY LLC, <br><br>                              Debtor. <br> Tax I.D. No. 83-2182138 | Chapter 11 <br><br> Case No. 20-13114 (____) |
| In re: <br><br> BC 630 LEXINGTON LLC, <br><br>                              Debtor. <br> Tax I.D. No. 83-4603202 | Chapter 11 <br><br> Case No. 20-13115 (____) |
| In re: <br><br> CCSW FENWAY LLC, <br><br>                              Debtor. <br> Tax I.D. No. 81-1585517 | Chapter 11 <br><br> Case No. 20-13116 (____) |
| In re: <br><br> E2 SEAPORT LLC, <br><br>                              Debtor. <br> Tax I.D. No. 37-1799720 | Chapter 11 <br><br> Case No. 20-13117 (____) |
| In re: <br><br> BC BACK BAY LLC, <br><br>                              Debtor. <br> Tax I.D. No. 36-4880550 | Chapter 11 <br><br> Case No. 20-13118 (____) |
| In re: <br><br> BC PROVIDENCE LLC, <br><br>                              Debtor. <br> Tax I.D. No. 81-4900737 | Chapter 11 <br><br> Case No. 20-13119 (____) |

27408075.4

| | |
|---|---|
| In re:<br><br>BC SILVER LAKE LLC,<br><br>                      Debtor.<br>Tax I.D. No. 81-1852825 | Chapter 11<br><br>Case No. 20-13120 (\_\_\_) |
| In re:<br><br>BC CENTURY CITY LLC,<br><br>                      Debtor.<br>Tax I.D. No. 83-4670901 | Chapter 11<br><br>Case No. 20-13121 (\_\_\_) |
| In re:<br><br>BC WEST HOLLYWOOD LLC,<br><br>                      Debtor.<br>Tax I.D. No. 84-3053878 | Chapter 11<br><br>Case No. 20-13122 (\_\_\_)<br><br>**Ref. Docket No. \_\_** |

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES; AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the Debtors for an order (this "Order") directing joint administration of these cases for procedural purposes only, and granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of these cases and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

27408075.4

4

the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Each of the above-captioned chapter 11 cases is consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 20-13103 (___).

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BC HOSPITALITY GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-13103 (___)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: BC Hospitality Group Inc. (8766); BC Hospitality Group LLC (9360); BC International LLC (1356); BC Commissary NJ LLC (0230); E2 185 Bleecker LLC (6862); E2 60 West 22nd Street LLC (9567); E2 Lafayette LLC (7419); BC Williamsburg LLC (8277); BCRC LLC (7297); CW SSS LLC (9958); BC Union Square LLC (5172); BC 1385 Broadway LLC (2138); BC 630 Lexington LLC (3202); CCSW Fenway LLC (5517); E2 Seaport LLC (9720); BC Back Bay LLC (0550); BC Providence LLC (0737); BC Silver Lake LLC (2825); BC Century City LLC (0901); and BC West Hollywood LLC (3878). The Debtors' mailing address is 205 Hudson Street, Suite 1001, New York, New York 10013.

27408075.4

4. The foregoing caption shall satisfy the requirements of section 342(c)(1) of the Bankruptcy Code.

5. The Clerk of the Court shall make a docket entry in each Debtor's Chapter 11 Case (except that of BC Hospitality Group Inc.) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: BC Hospitality Group LLC, Case No. 20-13104 (___); BC International LLC, Case No. 20-13105 (___); BC Commissary NJ LLC, Case No. 20-13106 (___); E2 185 Bleecker LLC, Case No. 20-13107 (___); E2 60 West 22nd Street LLC, Case No. 20-13108 (___); E2 Lafayette LLC, Case No. 20-13109 (___); BC Williamsburg LLC, Case No. 20-13110 (___); BCRC LLC, Case No. 20-13111 (___); CW SSS LLC, Case No. 20-13112 (___); BC Union Square LLC, Case No. 20-13113 (___); BC 1385 Broadway LLC, Case No. 20-13114 (___); BC 630 Lexington LLC, Case No. 20-13115 (___); CCSW Fenway LLC, Case No. 20-13116 (___); E2 Seaport LLC, Case No. 20-13117 (___); BC Back Bay LLC, Case No. 20-13118 (___); BC Providence LLC, Case No. 20-13119 (___); BC Silver Lake LLC, Case No. 20-13120 (___); BC Century City LLC, Case No. 20-13121 (___); and BC West Hollywood LLC, Case No. 20-13122 (___). The docket in Case No. 20-13103 (__) should be consulted for all matters affecting this case.

6. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7. Nothing in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

27408075.4

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

27408075.4