**Exhibit A**

**Bidding Procedures Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re:<br><br>BC HOSPITALITY GROUP INC., *et al.*,<br><br>Debtors.¹ | Chapter 11 (Subchapter V)<br><br>Case No. 20-13103 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 36** |

### ORDER (I) APPROVING THE BIDDING PROCEDURES, (II) SCHEDULING THE BID DEADLINE AND THE AUCTION, (III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")² of the Debtors for the entry of an order (this "Order"): (a) authorizing and approving the bidding procedures attached hereto as **Exhibit 1** (the "Bidding Procedures"); (b) establishing certain dates and deadlines including the Bid Deadline and the date of the Auction, if any; (c) approving the manner of notice of the Bidding Procedures and Auction, if any; and (d) granting related relief; all as more fully set forth in the Motion; and upon consideration of the Motion and all pleadings related thereto; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: BC Hospitality Group Inc. (8766); BC Hospitality Group LLC (9360); BC International LLC (1356); BC Commissary NJ LLC (0230); E2 185 Bleecker LLC (6862); E2 60 West 22nd Street LLC (9567); E2 Lafayette LLC (7419); BC Williamsburg LLC (8277); BCRC LLC (7297); CW SSS LLC (9958); BC Union Square LLC (5172); BC 1385 Broadway LLC (2138); BC 630 Lexington LLC (3202); CCSW Fenway LLC (5517); E2 Seaport LLC (9720); BC Back Bay LLC (0550); BC Providence LLC (0737); BC Silver Lake LLC (2825); BC Century City LLC (0901); and BC West Hollywood LLC (3878). The Debtors' mailing address is 205 Hudson Street, Suite 1001, New York, New York 10013.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing on the Motion and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient notice having been given **IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is GRANTED as set forth herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled.

   **A.     Important Dates and Deadlines.**

3. **Bid Deadline**. **February 25, 2021, at 4:00 p.m. (prevailing Eastern Time)**, is the deadline by which bids for the assets (as well as the deposit and all other documentation required under the Bidding Procedures for Qualified Bidders) must be submitted in accordance with the terms of the Bidding Procedures.

4. **Stalking Horse Bid Deadline and Bid Protections**. The Debtors, in consultation with the Consultation Parties, may select a Stalking Horse Bidder for substantially all of the Debtors' assets or any grouping or subset of the Debtors' assets. In such instance, the Debtors shall file a notice (the "Stalking Horse Notice") which shall include (a) the identification of the Stalking Horse Bidder(s); (b) any connections the Stalking Horse Bidder(s) has to the Debtors other than those that arise from the Stalking Horse bid; (c) instructions for obtaining a copy of the Stalking Horse asset purchase agreement (the "Stalking Horse APA"); (d) the purchase price provided for in the Stalking Horse APA; (e) the deposit paid by the Stalking Horse Bidder; and (f) the amount and conditions of any proposed Bid Protections. The Stalking Horse APA shall be filed separately from the Stalking Horse Notice and the Debtors shall not be required to serve the Stalking Horse APA on any parties.

5. The proposed Bid Protections shall be subject to the following requirements: (a) in the aggregate, any Break-Up Fee shall not exceed 3.0% of the Purchase Price by such Stalking Horse Bidder; (b) the Expense Reimbursement shall solely be for the actual, reasonable documented costs of the Stalking Horse Bidder, subject to a maximum reimbursement amount of $100,000; (c) no Break-Up Fee or Expense Reimbursement shall be paid to a Stalking Horse Bidder that is a DIP Secured Party or insider of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code; and (d) the Consultation Parties do not object to the designation of the Stalking Horse Bidder or to the Bid Protections set forth in the Stalking Horse Notice. The Debtors shall file a declaration in support of the Debtors' Stalking Horse Bidder designation with the Stalking Horse Notice, which declaration shall include evidence supporting approval of any Bid Protections and treatment of the same as administrative expenses under section 503(b) of the Bankruptcy Code. For the avoidance of doubt, no determination is made in this Order with regard to authorizing any Bid Protections.

6. The Debtors shall serve the Stalking Horse Notice on the Sale Notice Parties. If no parties object to the Stalking Horse Notice within five (5) business days after service of the Stalking Horse Notice, the Debtors may submit an order under certification of counsel approving the designation of the Stalking Horse Bidder and the Stalking Horse APA, including any Bid Protections with respect thereto, without the need for further hearing.

7. If an objection to the Stalking Horse Notice is filed and not resolved, or if the proposed Bid Protections do not satisfy the requirements set forth above, the Debtors shall request the Court to hold a telephonic hearing to consider approval of the designation of the Stalking Horse Bidder and Stalking Horse APA. The Debtors may request that the Court conduct such hearing on the first date this Court is available that is at least five (5) business days after the applicable Stalking Horse Notice is filed.

8. Upon the entry of an order approving the designation of the Stalking Horse Bidder(s), the obligation of the Debtors to pay the Bid Protections shall constitute allowed administrative expense

claims arising in the Debtors' chapter 11 cases under sections 503(b), 507(a)(2) and 507(b) of the Bankruptcy Code; *provided*, that unless otherwise agreed to by the DIP Secured Parties, such claims will be subject to the liens and claims of the DIP Secured Parties in connection with the Interim DIP Order and the Final DIP Order.

9. **Auction**.  An Auction, if any, will be held at **10:00 a.m. (prevailing Eastern Time) on March 1, 2021**, either via videoconference or at the offices of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, or such later date and time or location as selected by the Debtors (the "Auction"). The Debtors shall send written notice of the date, time, and place of the Auction to the Qualified Bidders no later than two business days before such Auction, and will post notice of the date, time, and place of the Auction no later than two business days before such Auction on the website of the Debtors' notice and claims agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/bychloe.  Bidding at the Auction will be transcribed.

10. Qualified Bidders, the Debtors, the DIP Secured Parties, the Subchapter V Trustee, the U.S. Trustee, Chef Chloe LLC, and each of their respective legal and financial advisors shall be entitled to attend the Auction.  In addition, creditors of the Debtors may attend and observe the Auction; *provided*, that any such creditors provide one day's written notice of their intent to attend the Auction to proposed counsel to the Debtors and in such notice identify the representatives who will attend on behalf of the creditor; *provided*, *further*, that the Debtors may limit the number of attendees per creditor to a reasonable number.

    **B.**    **Auction, Bidding Procedures, and Related Relief.**

11. The Bidding Procedures are incorporated herein and are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to any Transaction.  Any party desiring to submit a Bid shall comply with the Bidding Procedures and this Order.  The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures.

12. If the Debtors receive two or more Qualified Bids, the Debtors will conduct the Auction to determine the Winning Bidder in accordance with the Bidding Procedures. The Debtors and their professionals shall direct and preside over the Auction.

13. At the Auction, Qualified Bidders that have submitted Qualified Bids by the Bid Deadline will be entitled, but will not be obligated, to submit overbids, and will be entitled in any such overbids to credit bid all or a portion of the value of the secured portion of its claims, subject to the limits on credit bidding set forth in the Bidding Procedures.

14. At the Auction, the Debtors may: (a) select, in their business judgment (in consultation with the Consultation Parties), pursuant to the Bidding Procedures, the highest or otherwise best Bid and the Winning Bidder or Backup Bidder; and (b) reject any Bid (regardless of whether such Bid is a Qualified Bid) that, in the Debtors' business judgment (in consultation with the Consultation Parties), is (i) inadequate, insufficient, or not the highest or best Bid, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or the Bidding Procedures, or (iii) contrary to, or otherwise not in the best interests of the Debtors' estates, affected stakeholders, or other parties in interest.

15. Notwithstanding anything to the contrary contained herein or in the Bidding Procedures, the DIP Secured Parties shall have the right to credit bid, as part of an initial bid or an overbid, all or any portion of the aggregate amount of their applicable outstanding secured obligations pursuant to section 363(k) of the Bankruptcy Code, and any such credit bid will be considered a Qualified Bid to the extent such bid is received by the Bid Deadline and complies with section 363(k) of the Bankruptcy Code.

C. **Assumption and Assignment Procedures.**

(b) 27

16. The Debtors shall include assumption and assignment procedures in their proposed Plan.

**D. Sale Approval/Confirmation Hearing.**

17. A hearing (the "Confirmation Hearing") to consider approval of the Winning Bidder and/or confirmation of the Debtors' proposed Plan (as may be modified, amended or supplemented from time to time, the "Plan") will be held on **March 4, 2021 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Brendan Linehan Shannon, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom No. 1, Wilmington, Delaware 19801; *provided*, *however*, that the Debtors' right to solely seek approval of a sale pursuant to section 363 of the Bankruptcy Code at this hearing is expressly reserved.

**E. Miscellaneous.**

18. The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

19. In the event of any inconsistencies between this Order and the Motion and/or the Bidding Procedures, this Order shall govern in all respects.

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice. The Debtors shall, within 48 hours of entry of this Order, file on the Court docket and serve same upon the Sale Notice Parties and all parties on the Debtors' creditor matrix, a notice of entry of this Order as well as a copy of this Order.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

23. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: January 7th, 2021 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

(b)    27

# EXHIBIT 1

## Bidding Procedures

**(available at https://dm.epiq11.com/bychloe)**

27568053.3