**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| BC HOSPITALITY GROUP INC., *et al.*,[1] | Case No. 20-13103 (BLS) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**E2 SEAPORT LLC, CASE NO. 20-13117 (BLS)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: BC Hospitality Group Inc. (8766); BC Hospitality Group LLC (9360); BC International LLC (1356); BC Commissary NJ LLC (0230); E2 185 Bleecker LLC (6862); E2 60 West 22nd Street LLC (9567); E2 Lafayette LLC (7419); BC Williamsburg LLC (8277); BCRC LLC (7297); CW SSS LLC (9958); BC Union Square LLC (5172); BC 1385 Broadway LLC (2138); BC 630 Lexington LLC (3202); CCSW Fenway LLC (5517); E2 Seaport LLC (9720); BC Back Bay LLC (0550); BC Providence LLC (0737); BC Silver Lake LLC (2825); BC Century City LLC (0901); and BC West Hollywood LLC (3878). The Debtors' mailing address is 205 Hudson Street, Suite 1001, New York, New York 10013.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BC HOSPITALITY GROUP INC., *et al.*,<br><br>Debtors. [1] | Chapter 11 (Subchapter V)<br><br>Case No. 20-13103 (BLS)<br><br>(Jointly Administered) |

## NOTES TO THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "<u>Debtor</u>," and collectively, the "<u>Debtors</u>") are filing their respective Schedules of Assets and Liabilities (collectively, the "<u>Schedules</u>") and Statements of Financial Affairs (collectively, the "<u>Statements</u>," and together with the Schedules, the "<u>Schedules and Statements</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

These notes pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. These notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.[2]

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred or the Debtors may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: BC Hospitality Group Inc. (8766); BC Hospitality Group LLC (9360);  BC International LLC (1356); BC Commissary NJ LLC (0230); E2 185 Bleecker LLC (6862);  E2 60 West 22nd Street LLC (9567); E2 Lafayette LLC (7419); BC Williamsburg LLC (8277); BCRC LLC (7297); CW SSS LLC (9958); BC Union Square LLC (5172); BC 1385 Broadway LLC (2138); BC 630 Lexington LLC (3202); CCSW Fenway LLC (5517); E2 Seaport LLC (9720); BC Back Bay LLC (0550); BC Providence LLC (0737); BC Silver Lake LLC (2825); BC Century City LLC (0901); and BC West Hollywood LLC (3878). The Debtors' mailing address is 205 Hudson Street, Suite 1001, New York, New York 10013.

[2]  These notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to the Debtors' remaining Schedules and Statements, as appropriate.

The Schedules and Statements have been signed by David Selinger, the Secretary and Head of Real Estate and Development of BC Hospitality Group Inc. ("BCHG Inc."). In reviewing and signing the Schedules and Statements, Mr. Selinger necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors. Mr. Selinger has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

Disclosure of information in one or more Schedules or one or more Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## GENERAL NOTES

**Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to any claim ("Claim") description, or designation; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, security, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of (a) liability, or (b) amounts due or owed, if any, by the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including issues involving Claims, substantive consolidation, defenses, equitable subordination, or causes of action, including those arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant bankruptcy or nonbankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in these notes does not limit in any respect the general reservation of rights contained in this paragraph.

**"As of" Information Date**. Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these notes is provided as of December 14, 2020 (the "Petition Date") or as close thereto as reasonably practicable under the circumstances. As noted in the applicable Schedule or Statement below, the Debtors have listed certain items as of November 29, 2020, including inventory, fixed assets, other assets, other current liabilities, and long-term liabilities.

**Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors.

27530193.10

**Recharacterization**.    The Debtors may seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in or excluded from the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

        a.    **Current Market Value – Net Book Value**.  The Debtors do not have current market valuations for all estate assets.  Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements), and may not reflect the net realizable value.

        b.    **First Day Orders**.  In most instances, amounts paid under various "first day orders" are excluded from the Schedules and Statements.

        c.    **Payables, Credits and Adjustments**.  Claims of creditors are listed in the amounts recorded on the Debtors' books and records, based on invoices received and other relevant documentation from or contracts with such creditors.  These amounts may not reflect certain credits, allowances or other adjustments due from such creditors to the Debtors.

        d.    **Leases**.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired).

        e.    **Executory Contracts and Unexpired Leases**.  Executory contracts and unexpired leases have been set forth on Schedule G but are incorporated into Schedule A/B as applicable.  The Schedules and Statements do not reflect any claims for rejection damages.

**Unknown or Undetermined Amounts**.  Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend the Schedules and Statements as they deems appropriate in this regard.

**Litigation with Chloe.**  As set forth more fully in the *Declaration of David Selinger in Support of Chapter 11 Petitions and First Day Motions* [D.I. 3] (the "First Day Declaration"), over the past few years, the Debtors have been engaged in various litigation with Ms. Chloe Coscarelli, Chef Chloe LLC ("Chef Chloe"), CC Hospitality Holdings LLC, and CKC Sales LLC (collectively,

"Chloe").   On June 29, 2018, Chloe commenced an action against ESquared Hospitality LLC ("ESquared") and BCHG LLC in the United States District Court for the Southern District of New York (the "NY Federal District Court"), Case No. 18 cv 5943 (JMF), seeking, among other things, a declaratory judgment that Chef Chloe still owned 50% of the membership interests in BCHG LLC.  Judge Furman of the NY Federal District Court determined that Chef Chloe was required to submit this claim, among others, to arbitration.

On March 12, 2019, Chef Chloe served a demand for arbitration on ESquared and BCHG LLC seeking, among other things, a declaratory judgment that Chef Chloe owned 50% of the membership interests in BCHG LLC.  On May 13, 2020, the arbitrator issued a partial final award that, if confirmed by the NY Federal District Court, would reinstate Chef Chloe's membership interests in BCHG LLC, among other things.  On September 3, 2020, the arbitrator issued a complete final award that, if confirmed by the NY Federal District Court, would award Chef Chloe attorneys' fees and costs totaling $2,265,838.60.

The arbitrator's awards — reinstating Chef Chloe's membership interests in BCHG LLC and awarding attorneys' fees and costs — are the subject of pending confirmation and vacatur proceedings before Judge Furman of the NY Federal District Court, and thus, are currently inchoate and unenforceable.  Accordingly, any claims in connection with the arbitrator's awards are listed as contingent, unliquidated, and disputed in the Schedules and Statements.

**Insiders**.  The Debtors have attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider."  An individual or entity may be an "insider" if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtors so as to dictate corporate policy and the disposition of corporate assets.

The listing of a party as an "insider" or the inclusion of transactions with any party designated as such in the Schedules and Statements is made here to provide parties in interest with information and is not intended to be nor should be construed as a legal characterization of such party as an insider or to reflect any legal conclusions made by the Debtors and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.  Furthermore, certain of the individuals identified above may not have been insiders for the entirety of the 12-month period, but the Debtors have included them herein out of an abundance of caution.  The Debtors reserve all rights with respect thereto.

**503(b)(9) and PACA/PASA Claims**.  The liabilities listed on the Schedules and Statements do not reflect any analysis of any claims under section 503(b)(9) of the Bankruptcy Code, the Perishable Agricultural Commodities Act of 1930, or the Packers and Stockyards Act of 1921.

**Gift Card Transactions**.  In the ordinary course of business, Debtor BC Hospitality Group LLC ("BCHG LLC") routinely engages in intercompany transactions with the other Debtors to manage the company's gift card program.  The proceeds from the sales of gift cards are collected at the restaurant level and are transferred to BCHG LLC.  The receipts and associated liability from gift card sales are recorded on the books of BCHG LLC each period.  Accordingly, the gift card liability is only reflected in the Schedule E/F of BCHG LLC and is listed as of November 29, 2020.

## NOTES FOR SCHEDULES

**Schedule A/B – Assets – Real and Personal Property**.

***Part 2: Deposits and Prepayments.***  The Debtors provided certain *de minimus* deposits to utility companies several years ago that are not reflected in Part 2 of Schedule A/B.

***Part 5: Inventory, Excluding Agriculture Assets***.  The amount listed for the Debtors' inventory is provided as of November 29, 2020.

***Part 7: Office Furniture, Fixtures, and Equipment; Collectibles***.  The amount listed for the Debtors' fixed assets is provided as of November 29, 2020.

Any leasehold improvements and equipment identified on Schedule A/B, Part 7 are listed net of any depreciation.

***Part 9: Real Property***.  Any leasehold improvements identified on Schedule A/B, Part 9 are listed with an undetermined value.  The Debtors and their estates reserve all rights they may have under applicable law in connection with their asserted real property lease interests.

***Part 10: Intangibles and Intellectual Property***.  Certain intangibles or intellectual property are listed on Schedule A/B, Part 10 with an unknown or undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors. Certain of the trademarks listed in Part 10 for Debtor BCHG LLC are currently pending, opposed, or suspended.

***Part 11: All Other Assets***.  The amount listed for the Debtors' other assets is provided as of November 29, 2020.

The Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, intellectual property laws).

Debtor BCHG LLC disclosed certain trademark disputes in Schedule A/B, Part 11, Item 74.  Such disputes are currently suspended.

**Schedule D – Creditors Who Have Claims Secured by Property**.  The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies or other parties that may hold security interests.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors and their estates are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserve all rights as set forth in these notes.

27530193.10

Certain of the amounts listed on Schedule D may not reflect accrued interest, fees, costs, and other charges to which such creditors may be entitled.

The descriptions of claims and collateral in Schedule D are provided in summary form only. Reference must be made to the applicable transaction documents to obtain a complete description of the claims secured by collateral and the collateral securing such claims.

**Schedule E/F – Creditors Who Have Unsecured Claims**.

Certain claims held by state and local taxing authorities set forth in Schedule E/F ultimately may be deemed to be secured claims pursuant to state or local laws. Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits. The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F Part 1 does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code. In addition, because the Debtors file their tax returns under a consolidated tax group, each applicable taxing authority has been listed for all of the Debtors.

**Part 1**. At the time of the filing of the Schedules and Statements, the Debtors are not able to determine the priority amount, if any, for certain employee claims for paid time off. The Debtors intend to pay employee claims for paid time off, if any, in the ordinary course pursuant to applicable state law, all as set forth more fully in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses, and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [D.I. 10].

**Part 2**. Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; accordingly, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts. Where able, the Debtors have reflected claims on Part 2 of Schedule E/F net of deposits, retainers, and prepayments.

The Debtors do not have contact or noticing information for the holders of the gift cards. Therefore, only the gross outstanding amount of all gift cards is listed on Part 2 of Schedule E/F for Debtor BCHG LLC.

Debtor BC Hospitality Group Inc. previously obtained a Payment Protection Program loan (the "PPP Loan") in the amount of $2.673 million. The Debtors have already properly deployed the proceeds of the PPP Loan in accordance with applicable guidelines and regulations and have already submitted an application for forgiveness of the PPP Loan and expect it to be fully forgiven. The PPP Loan is disclosed in Part 2 of Schedule E/F of Debtor BCHG Inc. and marked as contingent and unliquidated.

**Schedule G – Executory Contracts and Unexpired Leases**. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date

or is valid or enforceable. The agreements listed on Schedule G may have expired, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed on Schedule G.

Contracts with "by CHLOE." are listed in Schedule G for BCHG Inc.

**Schedule H – Co-Debtors**.

The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

As discussed above, the Debtors are involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H.

## NOTES FOR STATEMENTS

**Statement 3**. Any values listed in this section are separate and not repeated in Statement 4 (payments or other transfers of property made within 1 year before filing this case that benefited any insider) or Statement 11 (payments related to bankruptcy within 1 year of filing). Please refer to those sections for payments related to those parties.

Debtor BC Hospitality Group LLC disclosed various payments to BLT Restaurant Group LLC ("BLT"). BLT provides accounting and other support services to the Debtors. BLT also purchases insurance on behalf of the Debtors under a group policy to provide the Debtors a lower cost. The Debtors reimburse BLT for their pro rata share of insurance and for various other costs, as reflected in Statement 3. This relationship was established several years ago when BLT owned ESquared, but BLT's membership interest in ESquared was transferred to another entity in 2015 and BLT is no longer an affiliate of the Debtors.

**Statement 4**. All payments to the Debtors' directors and officers were made by Debtor BCHG LLC and are listed in Statement 4 for that entity.

As discussed more fully in the First Day Declaration, Patrick J. Bartels, Jr. is an independent director of Debtor BCHG Inc. and the sole member of the special restructuring committee of the Board of Directors of BCHG Inc. The payments to Mr. Bartels, in his role as independent director of BCHG Inc., are disclosed in Statement 4 and were made to his company Redan Advisors LLC.

**Statement 7**. Debtor BCHG LLC disclosed certain trademark disputes as pending in Statement 7. However, each of these disputes is currently suspended.

**Statement 9**. In addition to the charitable programs disclosed in Statement 9, the Debtors participate in various charitable programs, as discussed more fully in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Honor Certain Prepetition*

*Obligations to Customers and (B) Otherwise Continue Certain Customer Programs in the Ordinary Course of Business; and (II) Granting Related Relief* [D.I. 9]. Certain of these programs are not listed in response to Statement 9 because the aggregate value is less than $1,000 or because the funds used for such programs are donated by third parties.

**Statement 11**. All payments related to the bankruptcy are reflected in Statement 11 of BCHG Inc., who made such payments on behalf of all of the Debtors. BCHG Inc. also provided a retainer to Epiq Corporate Restructuring, LLC, as set forth in the *Initial Monthly Operating Report* [D.I. 66]. This payment is not reflected in Statement 11 because it was made post-petition.

**Statement 16**. Each of the Debtors other than BC Commissary NJ LLC ("BC Commissary"), BC International LLC, BC Century City LLC, and BC West Hollywood LLC collects personally identifiable information from customers, including with respect to, among other things, order preferences and in connection with the Debtors' rewards program offered through the by CHLOE. application. This information includes information such as, but not limited to, customers' names, gender, age, birthday, addresses, and phone numbers. This information is subject to a privacy policy.

**Statement 26(a)**. For purposes of Statement 26(a), the Debtors listed the initial date of service as the date that the applicable accountant or bookkeeper commenced its services for any Debtor or affiliated entity.

**Statement 26(d)**. From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, vendors, landlords, debtholders and their legal and financial advisors. Due to the confidentiality requirements of certain related non-disclosure agreements, and the number of parties that have received such statements, such parties are not listed in response to this question.

**Statement 27**. Debtor BC Commissary conducts weekly food inventories. The other Debtors with stores conduct limited physical inventories of their beverages and do not inventory food on a balance sheet basis.

**Statement 30**. The Debtors have included a response to Statement 30 in Statement 4.

| **Fill in this information to identify the case:** |
|---|

Debtor    E2 Seaport LLC

United States Bankruptcy Court for the:   District of Delaware

Case number   20-13117
(if known)

☐ Check if this is an
   amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/19

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
|---|---|

1. **Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| **FROM THE BEGINNING OF THE FISCAL YEAR TO FILING DATE:**   From 01/01/2020   To 12/14/2020 | ☑ Operating a business<br>☐ Other | $697,525.00 |
| **FOR PRIOR YEAR:**   From 01/01/2019   To 12/31/2019 | ☑ Operating a business<br>☐ Other | $1,551,022.00 |
| **FOR THE YEAR BEFORE THAT:**   From 01/01/2018   To 12/31/2018 | ☑ Operating a business<br>☐ Other | $1,728,033.00 |

2. **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

3. **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/1/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS ENERGY AND ENVIRONMENTAL AFFAIRS 100 CAMBRIDGE ST STE 900 BOSTON, MA 02114 | 9/22/2020 | $4,327.20 | SALES TAX |
| COMMONWEALTH OF MASSACHUSETTS ENERGY AND ENVIRONMENTAL AFFAIRS 100 CAMBRIDGE ST STE 900 BOSTON, MA 02114 | 10/20/2020 | $3,903.04 | SALES TAX |
| COMMONWEALTH OF MASSACHUSETTS ENERGY AND ENVIRONMENTAL AFFAIRS 100 CAMBRIDGE ST STE 900 BOSTON, MA 02114 | 11/20/2020 | $3,780.16 | SALES TAX |
| EVERSOURCE 247 STATION DRIVE WESTWOOD, MA 02090 | 9/22/2020 | $4,445.39 | UTILITIES |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| EVERSOURCE<br>247 STATION DRIVE<br>WESTWOOD, MA 02090 | 10/22/2020 | $3,907.54 | UTILITIES |
| EVERSOURCE<br>247 STATION DRIVE<br>WESTWOOD, MA 02090 | 11/23/2020 | $2,881.34 | UTILITIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 9/14/2020 | $2,665.64 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 9/18/2020 | $658.31 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 9/21/2020 | $3,793.12 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 9/25/2020 | $658.31 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 9/28/2020 | $3,440.81 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 10/2/2020 | $658.31 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 10/5/2020 | $3,208.06 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 10/9/2020 | $4,646.36 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 10/16/2020 | $658.31 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 10/19/2020 | $2,584.31 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 10/23/2020 | $658.31 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 10/26/2020 | $3,967.66 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 10/30/2020 | $658.31 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 11/2/2020 | $3,791.30 | FOOD/SUPPLIES |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 11/6/2020 | $658.31 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 11/9/2020 | $4,938.35 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 11/13/2020 | $3,174.90 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 11/20/2020 | $658.31 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 11/23/2020 | $4,317.86 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 11/27/2020 | $658.23 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 11/30/2020 | $4,125.97 | FOOD/SUPPLIES |
| SYSCO BOSTON<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA 02367-1701 | 12/8/2020 | $2,415.25 | FOOD/SUPPLIES |
| WB MASON<br>ATTN: PAIGE PECK<br>PO BOX 981101<br>BOSTON, MA 02298-1101 | 9/28/2020 | $2,333.12 | PAPER GOODS/SUPPLIES |
| WB MASON<br>ATTN: PAIGE PECK<br>PO BOX 981101<br>BOSTON, MA 02298-1101 | 10/5/2020 | $1,027.11 | PAPER GOODS/SUPPLIES |
| WB MASON<br>ATTN: PAIGE PECK<br>PO BOX 981101<br>BOSTON, MA 02298-1101 | 10/13/2020 | $686.49 | PAPER GOODS/SUPPLIES |
| WB MASON<br>ATTN: PAIGE PECK<br>PO BOX 981101<br>BOSTON, MA 02298-1101 | 10/19/2020 | $319.52 | PAPER GOODS/SUPPLIES |
| WB MASON<br>ATTN: PAIGE PECK<br>PO BOX 981101<br>BOSTON, MA 02298-1101 | 10/26/2020 | $2,373.48 | PAPER GOODS/SUPPLIES |
| WB MASON<br>ATTN: PAIGE PECK<br>PO BOX 981101<br>BOSTON, MA 02298-1101 | 11/2/2020 | $1,003.38 | PAPER GOODS/SUPPLIES |
| WB MASON<br>ATTN: PAIGE PECK<br>PO BOX 981101<br>BOSTON, MA 02298-1101 | 11/9/2020 | $912.58 | PAPER GOODS/SUPPLIES |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| WB MASON<br>ATTN: PAIGE PECK<br>PO BOX 981101<br>BOSTON, MA 02298-1101 | 11/16/2020 | $863.76 | PAPER GOODS/SUPPLIES |
| WB MASON<br>ATTN: PAIGE PECK<br>PO BOX 981101<br>BOSTON, MA 02298-1101 | 11/23/2020 | $1,111.26 | PAPER GOODS/SUPPLIES |
| WB MASON<br>ATTN: PAIGE PECK<br>PO BOX 981101<br>BOSTON, MA 02298-1101 | 12/1/2020 | $548.35 | PAPER GOODS/SUPPLIES |
| WB MASON<br>ATTN: PAIGE PECK<br>PO BOX 981101<br>BOSTON, MA 02298-1101 | 12/7/2020 | $222.34 | PAPER GOODS/SUPPLIES |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/1/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

### Part 3:  Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☑ None

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

### Part 4:  Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

### Part 5:  Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

### Part 6:  Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.
Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

---

**Part 7:**   **Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

---

**Part 8:**   **Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
—   diagnosing or treating injury, deformity, or disease, or
—   providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

---

**Part 9:**   **Personal Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☑ Yes.  State the nature of the information collected and retained.       REFER TO GLOBAL NOTES

       Does the debtor have a privacy policy about that information?

       ☐ No
       ☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No.  Go to Part 10.
☑ Yes.  Does the debtor serve as plan administrator?

       ☑ No.  Go to Part 10.
       ☐ Yes.  Fill in below:

---

**Part 10:**   **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

---

**19. Safe deposit boxes**
   List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

   ☑ None

**20. Off-premises storage**
   List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

   ☑ None

---

### Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
   List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

   ☑ None

---

### Part 12:    Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

   ☑ No
   ☐ Yes. Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

   ☑ No
   ☐ Yes. Provide details below.

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

   ☑ No
   ☐ Yes. Provide details below.

---

### Part 13:    Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
   List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

   ☑ None

**26. Books, records, and financial statements**
   26a.   List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

   ☐ None

| Name and address | Dates of service | |
| --- | --- | --- |
| AMANDA MILLER<br>651 N TERRANCE AVENUE<br>APT 4A<br>MOUNT VERNON, NY  10552 | From  5/10/2017 | To  CURRENT |
| ANESHA MOHAMMED<br>121-06 109TH AVENUE<br>SOUTH OZONE PARK, NY  11420 | From  9/1/2015 | To  12/31/2019 |
| ANGELA HUDSON<br>1778 SOUTHERN BLVD<br>BRONX, NY  10460 | From  9/1/2015 | To  12/31/2019 |

| Name and address | Dates of service | |
|---|---|---|
| CATHERINE CHEN<br>8615 BROADWAY<br>APT 7C<br>ELMHURST, NY  11373 | From 2/19/2018 | To CURRENT |
| CHRIS ROMANO<br>10 EMMONS DRIVE<br>MILLSTONE TOWNSHIP, NJ  08510 | From 4/6/2011 | To CURRENT |
| DWAYNE GRIFFIN<br>70 PINE STREET<br>APT 1130<br>NEW YORK, NY  10005 | From 11/15/2017 | To CURRENT |
| EBERECHUKWU AKIBA<br>654 9TH AVE<br>APT 3A<br>NEW YORK, NY  10036 | From 12/8/2020 | To CURRENT |
| ELIZA STAUNTON<br>366 GATES AVENUE<br>APT 3A<br>BROOKLYN, NY  11216 | From 7/9/2019 | To 1/31/2020 |
| JANICE LINDSAY<br>621 SUSSEX STREET<br>APT 2R<br>HARRISON, NJ  07029 | From 4/2/2018 | To 4/30/2020 |
| JARED REAMER<br>131 SHERMAN AVENUE<br>JERSEY CITY, NJ  07307 | From 11/1/2017 | To 11/30/2020 |
| JELIZA OLAGUERA<br>3410 76TH STREET<br>JACKSON HEIGHTS, NY  11372 | From 6/2/2014 | To 1/1/2021 |
| JOHN HUBER<br>570 LYNNE DRIVE<br>MORRIS PLAINS, NJ  07950 | From 12/1/2001 | To CURRENT |
| KIMBERLY TAN<br>255 16TH STREET<br>APT 2R<br>BROOKLYN, NY  11215 | From 2/3/2020 | To 12/4/2020 |
| LAUREN AMATO<br>205 CHURCH STREET<br>BELFORD, NJ  07718 | From 8/29/2019 | To 7/10/2020 |

26b.  List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| COHNREZNICK LLP<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY  10019 | From 2/20/2017 | To CURRENT |
| ESQUARED HOSPITALITY LLC<br>145 EAST 57TH ST<br>11TH FLOOR<br>NEW YORK, NY  10022 | From INCEPTION | To CURRENT |

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| COHNREZNICK LLP<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY  10019 | |
| ESQUARED HOSPITALITY LLC<br>145 EAST 57TH ST<br>11TH FLOOR<br>NEW YORK, NY  10022 | |

**26d.** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ None

SEE GLOBAL NOTES

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|----------------------|
| BC HOSPITALITY GROUP LLC | 205 HUDSON ST, SUITE 1001 NEW YORK, NY 10013 | CLASS A INTERESTS | 100% |
| ABDULLAH RAZA | 7111 HILLCROFT STREET HOUSTON, TX 77081 | CLASS B INTERESTS | 50% |
| ESTATE OF ANA INCHAUSTE | CALLE 23 #8220 CALACOTO, LA PAZ BOLIVIA | CLASS B INTERESTS | 50% |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ None

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ None

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|--------------------------------|-----------------------------------------------------------|
| BC HOSPITALITY GROUP INC. | 82-4228766 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ None

**Part 14:**   **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1/7/2021.

✗   /s/ David Selinger                       David Selinger
_____      _____
Signature of individual signing on behalf of the debtor      Printed Name

Authorized Person
_____
Position or relationship to debtor

  **Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☑ No
☐ Yes