**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BC HOSPITALITY GROUP INC., *et al.*,[1]<br><br>Debtors. | Chapter 11 (Subchapter V)<br><br>Case No. 20-13103 (BLS)<br><br>(Jointly Administered) |

**SCHEDULES OF ASSETS AND LIABILITIES FOR
E2 SEAPORT LLC, CASE NO. 20-13117 (BLS)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: BC Hospitality Group Inc. (8766); BC Hospitality Group LLC (9360); BC International LLC (1356); BC Commissary NJ LLC (0230); E2 185 Bleecker LLC (6862); E2 60 West 22nd Street LLC (9567); E2 Lafayette LLC (7419); BC Williamsburg LLC (8277); BCRC LLC (7297); CW SSS LLC (9958); BC Union Square LLC (5172); BC 1385 Broadway LLC (2138); BC 630 Lexington LLC (3202); CCSW Fenway LLC (5517); E2 Seaport LLC (9720); BC Back Bay LLC (0550); BC Providence LLC (0737); BC Silver Lake LLC (2825); BC Century City LLC (0901); and BC West Hollywood LLC (3878). The Debtors' mailing address is 205 Hudson Street, Suite 1001, New York, New York 10013.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BC HOSPITALITY GROUP INC., *et al*.,<br><br>Debtors. [1] | Chapter 11 (Subchapter V)<br><br>Case No. 20-13103 (BLS)<br><br>(Jointly Administered) |

## NOTES TO THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "<u>Debtor</u>," and collectively, the "<u>Debtors</u>") are filing their respective Schedules of Assets and Liabilities (collectively, the "<u>Schedules</u>") and Statements of Financial Affairs (collectively, the "<u>Statements</u>," and together with the Schedules, the "<u>Schedules and Statements</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

These notes pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. These notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.[2]

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available at the time of preparation, inadvertent errors, inaccuracies, or omissions may have occurred or the Debtors may discover subsequent information that requires material changes to the Schedules and Statements. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: BC Hospitality Group Inc. (8766); BC Hospitality Group LLC (9360); BC International LLC (1356); BC Commissary NJ LLC (0230); E2 185 Bleecker LLC (6862); E2 60 West 22nd Street LLC (9567); E2 Lafayette LLC (7419); BC Williamsburg LLC (8277); BCRC LLC (7297); CW SSS LLC (9958); BC Union Square LLC (5172); BC 1385 Broadway LLC (2138); BC 630 Lexington LLC (3202); CCSW Fenway LLC (5517); E2 Seaport LLC (9720); BC Back Bay LLC (0550); BC Providence LLC (0737); BC Silver Lake LLC (2825); BC Century City LLC (0901); and BC West Hollywood LLC (3878). The Debtors' mailing address is 205 Hudson Street, Suite 1001, New York, New York 10013.

[2]    These notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to the Debtors' remaining Schedules and Statements, as appropriate.

The Schedules and Statements have been signed by David Selinger, the Secretary and Head of Real Estate and Development of BC Hospitality Group Inc. ("BCHG Inc."). In reviewing and signing the Schedules and Statements, Mr. Selinger necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors. Mr. Selinger has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

Disclosure of information in one or more Schedules or one or more Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## GENERAL NOTES

**Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to any claim ("Claim") description, or designation; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, security, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of (a) liability, or (b) amounts due or owed, if any, by the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including issues involving Claims, substantive consolidation, defenses, equitable subordination, or causes of action, including those arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant bankruptcy or nonbankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in these notes does not limit in any respect the general reservation of rights contained in this paragraph.

**"As of" Information Date**. Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtors in the Schedules and Statements and these notes is provided as of December 14, 2020 (the "Petition Date") or as close thereto as reasonably practicable under the circumstances. As noted in the applicable Schedule or Statement below, the Debtors have listed certain items as of November 29, 2020, including inventory, fixed assets, other assets, other current liabilities, and long-term liabilities.

**Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements prepared by the Debtors.

27530193.10

**Recharacterization**.    The Debtors may seek to recharacterize, reclassify, recategorize, redesignate, add, or delete items included in or excluded from the Schedules and Statements, and the Debtors and their estates reserve all rights in this regard.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

        a.    **Current Market Value – Net Book Value**.  The Debtors do not have current market valuations for all estate assets.  Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements), and may not reflect the net realizable value.

        b.    **First Day Orders**.  In most instances, amounts paid under various "first day orders" are excluded from the Schedules and Statements.

        c.    **Payables, Credits and Adjustments**.  Claims of creditors are listed in the amounts recorded on the Debtors' books and records, based on invoices received and other relevant documentation from or contracts with such creditors.  These amounts may not reflect certain credits, allowances or other adjustments due from such creditors to the Debtors.

        d.    **Leases**.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired).

        e.    **Executory Contracts and Unexpired Leases**.  Executory contracts and unexpired leases have been set forth on Schedule G but are incorporated into Schedule A/B as applicable.  The Schedules and Statements do not reflect any claims for rejection damages.

**Unknown or Undetermined Amounts**.  Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend the Schedules and Statements as they deems appropriate in this regard.

**Litigation with Chloe.**  As set forth more fully in the *Declaration of David Selinger in Support of Chapter 11 Petitions and First Day Motions* [D.I. 3] (the "First Day Declaration"), over the past few years, the Debtors have been engaged in various litigation with Ms. Chloe Coscarelli, Chef Chloe LLC ("Chef Chloe"), CC Hospitality Holdings LLC, and CKC Sales LLC (collectively,

"Chloe").    On June 29, 2018, Chloe commenced an action against ESquared Hospitality LLC ("ESquared") and BCHG LLC in the United States District Court for the Southern District of New York (the "NY Federal District Court"), Case No. 18 cv 5943 (JMF), seeking, among other things, a declaratory judgment that Chef Chloe still owned 50% of the membership interests in BCHG LLC.  Judge Furman of the NY Federal District Court determined that Chef Chloe was required to submit this claim, among others, to arbitration.

On March 12, 2019, Chef Chloe served a demand for arbitration on ESquared and BCHG LLC seeking, among other things, a declaratory judgment that Chef Chloe owned 50% of the membership interests in BCHG LLC.  On May 13, 2020, the arbitrator issued a partial final award that, if confirmed by the NY Federal District Court, would reinstate Chef Chloe's membership interests in BCHG LLC, among other things.  On September 3, 2020, the arbitrator issued a complete final award that, if confirmed by the NY Federal District Court, would award Chef Chloe attorneys' fees and costs totaling $2,265,838.60.

The arbitrator's awards — reinstating Chef Chloe's membership interests in BCHG LLC and awarding attorneys' fees and costs — are the subject of pending confirmation and vacatur proceedings before Judge Furman of the NY Federal District Court, and thus, are currently inchoate and unenforceable.  Accordingly, any claims in connection with the arbitrator's awards are listed as contingent, unliquidated, and disputed in the Schedules and Statements.

**Insiders**.  The Debtors have attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider."  An individual or entity may be an "insider" if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtors so as to dictate corporate policy and the disposition of corporate assets.

The listing of a party as an "insider" or the inclusion of transactions with any party designated as such in the Schedules and Statements is made here to provide parties in interest with information and is not intended to be nor should be construed as a legal characterization of such party as an insider or to reflect any legal conclusions made by the Debtors and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.  Furthermore, certain of the individuals identified above may not have been insiders for the entirety of the 12-month period, but the Debtors have included them herein out of an abundance of caution.  The Debtors reserve all rights with respect thereto.

**503(b)(9) and PACA/PASA Claims**.  The liabilities listed on the Schedules and Statements do not reflect any analysis of any claims under section 503(b)(9) of the Bankruptcy Code, the Perishable Agricultural Commodities Act of 1930, or the Packers and Stockyards Act of 1921.

**Gift Card Transactions**.  In the ordinary course of business, Debtor BC Hospitality Group LLC ("BCHG LLC") routinely engages in intercompany transactions with the other Debtors to manage the company's gift card program.  The proceeds from the sales of gift cards are collected at the restaurant level and are transferred to BCHG LLC.  The receipts and associated liability from gift card sales are recorded on the books of BCHG LLC each period.  Accordingly, the gift card liability is only reflected in the Schedule E/F of BCHG LLC and is listed as of November 29, 2020.

# NOTES FOR SCHEDULES

## Schedule A/B – Assets – Real and Personal Property.

***Part 2: Deposits and Prepayments.*** The Debtors provided certain *de minimus* deposits to utility companies several years ago that are not reflected in Part 2 of Schedule A/B.

***Part 5: Inventory, Excluding Agriculture Assets***. The amount listed for the Debtors' inventory is provided as of November 29, 2020.

***Part 7: Office Furniture, Fixtures, and Equipment; Collectibles***. The amount listed for the Debtors' fixed assets is provided as of November 29, 2020.

Any leasehold improvements and equipment identified on Schedule A/B, Part 7 are listed net of any depreciation.

***Part 9: Real Property***. Any leasehold improvements identified on Schedule A/B, Part 9 are listed with an undetermined value. The Debtors and their estates reserve all rights they may have under applicable law in connection with their asserted real property lease interests.

***Part 10: Intangibles and Intellectual Property***. Certain intangibles or intellectual property are listed on Schedule A/B, Part 10 with an unknown or undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors. Certain of the trademarks listed in Part 10 for Debtor BCHG LLC are currently pending, opposed, or suspended.

***Part 11: All Other Assets***. The amount listed for the Debtors' other assets is provided as of November 29, 2020.

The Debtors may not have listed all of their respective causes of action or potential causes of action against third parties as assets in Schedule A/B, Part 11, Item 74, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, intellectual property laws).

Debtor BCHG LLC disclosed certain trademark disputes in Schedule A/B, Part 11, Item 74. Such disputes are currently suspended.

## Schedule D – Creditors Who Have Claims Secured by Property. The Debtors have not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies or other parties that may hold security interests.

By listing a party on Schedule D based on a UCC-1 filing, the Debtors and their estates are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserve all rights as set forth in these notes.

Certain of the amounts listed on Schedule D may not reflect accrued interest, fees, costs, and other charges to which such creditors may be entitled.

The descriptions of claims and collateral in Schedule D are provided in summary form only. Reference must be made to the applicable transaction documents to obtain a complete description of the claims secured by collateral and the collateral securing such claims.

**Schedule E/F – Creditors Who Have Unsecured Claims**.

Certain claims held by state and local taxing authorities set forth in Schedule E/F ultimately may be deemed to be secured claims pursuant to state or local laws. Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits. The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority and the listing of any claim on Schedule E/F Part 1 does not constitute an admission that such claim is entitled to priority treatment pursuant to section 507 of the Bankruptcy Code. In addition, because the Debtors file their tax returns under a consolidated tax group, each applicable taxing authority has been listed for all of the Debtors.

**Part 1**. At the time of the filing of the Schedules and Statements, the Debtors are not able to determine the priority amount, if any, for certain employee claims for paid time off. The Debtors intend to pay employee claims for paid time off, if any, in the ordinary course pursuant to applicable state law, all as set forth more fully in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses, and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [D.I. 10].

**Part 2**. Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; accordingly, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts. Where able, the Debtors have reflected claims on Part 2 of Schedule E/F net of deposits, retainers, and prepayments.

The Debtors do not have contact or noticing information for the holders of the gift cards. Therefore, only the gross outstanding amount of all gift cards is listed on Part 2 of Schedule E/F for Debtor BCHG LLC.

Debtor BC Hospitality Group Inc. previously obtained a Payment Protection Program loan (the "PPP Loan") in the amount of $2.673 million. The Debtors have already properly deployed the proceeds of the PPP Loan in accordance with applicable guidelines and regulations and have already submitted an application for forgiveness of the PPP Loan and expect it to be fully forgiven. The PPP Loan is disclosed in Part 2 of Schedule E/F of Debtor BCHG Inc. and marked as contingent and unliquidated.

**Schedule G – Executory Contracts and Unexpired Leases**. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date

27530193.10

or is valid or enforceable.  The agreements listed on Schedule G may have expired, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed on Schedule G.

Contracts with "by CHLOE." are listed in Schedule G for BCHG Inc.

**Schedule H – Co-Debtors**.

The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, and other such agreements.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

As discussed above, the Debtors are involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because all such claims are contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H.

<u>**NOTES FOR STATEMENTS**</u>

**Statement 3**.  Any values listed in this section are separate and not repeated in Statement 4 (payments or other transfers of property made within 1 year before filing this case that benefited any insider) or Statement 11 (payments related to bankruptcy within 1 year of filing).  Please refer to those sections for payments related to those parties.

Debtor BC Hospitality Group LLC disclosed various payments to BLT Restaurant Group LLC ("<u>BLT</u>").  BLT provides accounting and other support services to the Debtors.  BLT also purchases insurance on behalf of the Debtors under a group policy to provide the Debtors a lower cost.  The Debtors reimburse BLT for their pro rata share of insurance and for various other costs, as reflected in Statement 3.  This relationship was established several years ago when BLT owned ESquared, but BLT's membership interest in ESquared was transferred to another entity in 2015 and BLT is no longer an affiliate of the Debtors.

**Statement 4**.  All payments to the Debtors' directors and officers were made by Debtor BCHG LLC and are listed in Statement 4 for that entity.

As discussed more fully in the First Day Declaration, Patrick J. Bartels, Jr. is an independent director of Debtor BCHG Inc. and the sole member of the special restructuring committee of the Board of Directors of BCHG Inc.  The payments to Mr. Bartels, in his role as independent director of BCHG Inc., are disclosed in Statement 4 and were made to his company Redan Advisors LLC.

**Statement 7**.  Debtor BCHG LLC disclosed certain trademark disputes as pending in Statement 7.  However, each of these disputes is currently suspended.

**Statement 9**.  In addition to the charitable programs disclosed in Statement 9, the Debtors participate in various charitable programs, as discussed more fully in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Honor Certain Prepetition*

*Obligations to Customers and (B) Otherwise Continue Certain Customer Programs in the Ordinary Course of Business; and (II) Granting Related Relief* [D.I. 9]. Certain of these programs are not listed in response to Statement 9 because the aggregate value is less than $1,000 or because the funds used for such programs are donated by third parties.

**Statement 11**. All payments related to the bankruptcy are reflected in Statement 11 of BCHG Inc., who made such payments on behalf of all of the Debtors. BCHG Inc. also provided a retainer to Epiq Corporate Restructuring, LLC, as set forth in the *Initial Monthly Operating Report* [D.I. 66]. This payment is not reflected in Statement 11 because it was made post-petition.

**Statement 16**. Each of the Debtors other than BC Commissary NJ LLC ("BC Commissary"), BC International LLC, BC Century City LLC, and BC West Hollywood LLC collects personally identifiable information from customers, including with respect to, among other things, order preferences and in connection with the Debtors' rewards program offered through the by CHLOE. application. This information includes information such as, but not limited to, customers' names, gender, age, birthday, addresses, and phone numbers. This information is subject to a privacy policy.

**Statement 26(a)**. For purposes of Statement 26(a), the Debtors listed the initial date of service as the date that the applicable accountant or bookkeeper commenced its services for any Debtor or affiliated entity.

**Statement 26(d)**. From time to time, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, vendors, landlords, debtholders and their legal and financial advisors. Due to the confidentiality requirements of certain related non-disclosure agreements, and the number of parties that have received such statements, such parties are not listed in response to this question.

**Statement 27**. Debtor BC Commissary conducts weekly food inventories. The other Debtors with stores conduct limited physical inventories of their beverages and do not inventory food on a balance sheet basis.

**Statement 30**. The Debtors have included a response to Statement 30 in Statement 4.

27530193.10

**Fill in this information to identify the case:**

Debtor    E2 Seaport LLC

United States Bankruptcy Court for the:   District of Delaware

Case number   20-13117
(if known)

☐ Check if this is an
amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals     12/15

| Part 1: | Summary of Assets |
|---|---|

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
     Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      UNKNOWN

   1b. **Total personal property:**
     Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      $1,224,101.84

   1c. **Total of all property:**
     Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
      $1,224,101.84

| Part 2: | Summary of Liabilities |
|---|---|

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .
      NOT APPLICABLE

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206EF)

   3a. **Total claim amounts of priority unsecured claims:**
     Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .
      UNKNOWN

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
     Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . .
      **+**    $24,213.35

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   Lines 2 + 3a + 3b
      $24,213.35

| Fill in this information to identify the case: |
|---|
| Debtor      E2 Seaport LLC |
| United States Bankruptcy Court for the:  District of Delaware |
| Case number    20-13117<br>(if known) |

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property                                12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
|---|---|

**1.    DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**
   ☐  No. Go to Part 2.
   ☒  Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| **2.    CASH ON HAND** | | | |
| 2.1.    PETTY CASH | | | $723.00 |
| **3.    CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS** *(IDENTIFY ALL)* | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| 3.1.    BANK OF AMERICA | DEPOSIT | 8419 | $723.00 |
| 3.2.    SIGNATURE | OPERATING | 7624 | $3,739.04 |
| **4.    OTHER CASH EQUIVALENTS** | | | |
| NONE | | | |
| **5    Total of Part 1.** ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE TOTAL TO LINE 80. | | | $5,185.04 |

| Part 2: | DEPOSITS AND PREPAYMENTS |
|---|---|

**6.    DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**
   ☒  No. Go to Part 3.
   ☐  Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **7.    DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS** | |
| DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT | |

| | Current value of debtor's interest |
|---|---|
| **8. PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT** | |
| DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT | |

| **9 Total of Part 2.** ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81. | NOT APPLICABLE |
|---|---|

**Part 3: ACCOUNTS RECEIVABLE**

**10. DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**
- ☐ No. Go to Part 4.
- ☒ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. ACCOUNTS RECEIVABLE**

| 90 DAYS OR LESS | $9,365.00 <br> face amount | – | $0.00 <br> doubtful or uncollectable accounts | = → | $9,365.00 |
|---|---|---|---|---|---|

| **12 Total of Part 3.** CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82. | $9,365.00 |
|---|---|

**Part 4: INVESTMENTS**

**13. DOES THE DEBTOR OWN ANY INVESTMENTS?**
- ☒ No. Go to Part 5.
- ☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14. MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1** <br> NAME OF FUND OR STOCK: | | |
| **15. NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE** | | |
| **16. GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1** <br> DESCRIBE: | | |

| **17 Total of Part 4.** ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83. | NOT APPLICABLE |
|---|---|

**Part 5: INVENTORY, EXCLUDING AGRICULTURE ASSETS**

**18. DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**
- ☐ No. Go to Part 6.
- ☒ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. RAW MATERIALS** <br> NONE | | | | |

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**20. WORK IN PROGRESS**

NONE

**21. FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE**

| 21.1. BEVERAGE/OTHER | | $1,181.31 | BOOK | $1,181.31 |
|---|---|---|---|---|

**22. OTHER INVENTORY OR SUPPLIES**

NONE

**23 Total of Part 5.**
ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84. — $1,181.31

**24. Is any of the property listed in Part 5 perishable?**
☐ No
☑ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☑ Yes   Book value  $1,011.84  Valuation method Book    Current value  $1,011.84

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☑ No
☐ Yes

**Part 6:  FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)**

**27. DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**28. CROPS—EITHER PLANTED OR HARVESTED**

**29. FARM ANIMALS** *EXAMPLES:* LIVESTOCK, POULTRY, FARM-RAISED FISH

**30. FARM MACHINERY AND EQUIPMENT (OTHER THAN TITLED MOTOR VEHICLES)** (OTHER THAN TITLED MOTOR VEHICLES)

**31. FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED**

**32. OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6**

**33 Total of Part 6.**
ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85. — NOT APPLICABLE

**34. Is the debtor a member of an agricultural cooperative?**
☑ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
    ☐ No
    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☑ No
☐ Yes

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☑ No
☐ Yes

(Name)        Case number (if known) 20-13103-BLS

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 7: OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES

**38. DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**

☐ No. Go to Part 8.
☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. OFFICE FURNITURE** | | | |
| 39.1.   FURNITURE & FIXTURES | $79,523.00 | STRAIGHT LINE | $79,523.00 |
| **40. OFFICE FIXTURES** | | | |
| 40.1.   LEASEHOLD IMPROVEMENTS | $964,043.00 | STRAIGHT LINE | $964,043.00 |
| **41. OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 41.1.   COMPUTER EQUIPMENT | $19,463.00 | STRAIGHT LINE | $19,463.00 |
| **42. COLLECTIBLES** *EXAMPLES:* ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES <br><br>**NONE** | | | |
| **43 Total of Part 7.** ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86. | | | $1,063,029.00 |

**44. Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
☒ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 8: MACHINERY, EQUIPMENT, AND VEHICLES

**46. DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**

☐ No. Go to Part 9.
☒ Yes. Fill in the information below.

| General description <br> Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** <br><br> **NONE** | | | |
| **48. WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES** *EXAMPLES:* BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS <br><br> **NONE** | | | |
| **49. AIRCRAFT AND ACCESSORIES** <br><br> **NONE** | | | |

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**50. OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)**

| 50.1.    KITCHEN EQUIPMENT | $145,161.00 | STRAIGHT LINE | $145,161.00 |
|---|---|---|---|

**51 Total of Part 8.**
ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.    $145,161.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☒ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 9:    REAL PROPERTY

**54. DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☐ No. Go to Part 10.
☒ Yes. Fill in the information below.

**55. ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.    107 SEAPORT BLVD, BOSTON, MA 02210 - STORE | REAL PROPERTY LEASE | UNDETERMINED | N/A | UNDETERMINED |

**56 Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.    UNKNOWN

**57. Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 10:    INTANGIBLES AND INTELLECTUAL PROPERTY

**59. DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☐ No. Go to Part 11.
☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**60. PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS**

**61. INTERNET DOMAIN NAMES AND WEBSITES**

**62. LICENSES, FRANCHISES, AND ROYALTIES**

**63. CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS**

| 63.1.    CUSTOMER LISTS, MAILING LISTS | UNKNOWN | N/A | UNKNOWN |
|---|---|---|---|

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **64. OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| **65. GOODWILL** | | | |
| **66** Total of Part 10.<br>ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89. | | | UNKNOWN |

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
☐ No
☒ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☐ No
☒ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

**Part 11: ALL OTHER ASSETS**

**70. DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☐ No. Go to Part 12.
☒ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **71. NOTES RECEIVABLE**<br><br>DESCRIPTION (INCLUDE NAME OF OBLIGOR)<br>**NONE** | |
| **72. TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)**<br><br>DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL)<br>**NONE** | |
| **73. INTERESTS IN INSURANCE POLICIES OR ANNUITIES**<br><br>**NONE** | |
| **74. CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)**<br><br>**NONE** | |
| **75. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**<br><br>**NONE** | |
| **76. TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY**<br><br>**NONE** | |
| **77. OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP<br><br>77.1.    INTERCOMPANY RECEIVABLE DUE FROM BC HOSPITALITY GROUP LLC | $180.49 |
| **78** Total of Part 11.<br>ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90. | $180.49 |

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 12:  Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $5,185.04 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $9,365.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $1,181.31 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $1,063,029.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $145,161.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➔ | | UNKNOWN |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | UNKNOWN | |
| 90. **All other assets.** *Copy line 78, Part 11.* ＋ | $180.49 | |
| 91. **Total.** Add lines 80 through 90 for each column. . . . . . . . . 91a. | $1,224,101.84 ＋ 91b | UNKNOWN |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $1,224,101.84 |

**Fill in this information to identify the case:**

Debtor    E2 Seaport LLC

United States Bankruptcy Court for the:   District of Delaware

Case number   20-13117
(if known)

☐ Check if this is an
amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible.**

1.   1. **Do any creditors have claims secured by debtor's property?**

    ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

    ☐ Yes. Fill in all of the information below.

| Fill in this information to identify the case: |
| --- |

Debtor    E2 Seaport LLC

United States Bankruptcy Court for the:  District of Delaware

Case number    20-13117
(if known)

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  |  | Total claim | Priority amount |
| --- | --- | --- | --- | --- |
| 2.1 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | UNKNOWN | UNKNOWN |
|  | CALIFORNIA SALES TAX CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION 450 N STREET SACRAMENTO, CA 94279 | ☑ Contingent ☑ Unliquidated ☑ Disputed |  |  |
|  | **Date or dates debt was incurred** | **Basis for the claim:** POTENTIAL TAX LIABILITY |  |  |
|  | **Last 4 digits of account number:** | **Is the claim subject to offset?** ☑ No ☐ Yes |  |  |
|  | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) |  |  |  |
| 2.2 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | UNKNOWN | UNKNOWN |
|  | CITY OF BOSTON PERSONAL PROPERTY TAX OFFICE OF THE COLLECTOR-TREASURER ONE CITY HALL SQUARE BOSTON, MA 02201 | ☑ Contingent ☑ Unliquidated ☑ Disputed |  |  |
|  | **Date or dates debt was incurred** | **Basis for the claim:** POTENTIAL TAX LIABILITY |  |  |
|  | **Last 4 digits of account number:** | **Is the claim subject to offset?** ☑ No ☐ Yes |  |  |
|  | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) |  |  |  |
| 2.3 | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | UNKNOWN | UNKNOWN |
|  | CITY OF PROVIDENCE, RI PERSONAL PROPERTY TAX PROVIDENCE CITY HALL 25 DORRANCE STREET PROVIDENCE, RI 02903 | ☑ Contingent ☑ Unliquidated ☑ Disputed |  |  |
|  | **Date or dates debt was incurred** | **Basis for the claim:** POTENTIAL TAX LIABILITY |  |  |
|  | **Last 4 digits of account number:** | **Is the claim subject to offset?** ☑ No ☐ Yes |  |  |
|  | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) |  |  |  |

| Part 1: | Additional Page |
|---|---|

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.4 | **Priority creditor's name and mailing address**<br>LOS ANGELES COUNTY TAX COLLECTOR<br>UNSECURED PROPERTY TAX<br>225 NORTH HILL ST, ROOM 122<br>LOS ANGELES, CA  90012<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.5 | **Priority creditor's name and mailing address**<br>MASSACHUSETTS SALES TAX<br>MA DEPARTMENT OF REVENUE<br>100 CAMBRIDGE STREET<br>2ND FLOOR<br>BOSTON, MA  02114<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.6 | **Priority creditor's name and mailing address**<br>MASSACHUSETTS SALES TAX<br>PO BOX 9564<br>BOSTON, MA  02214-9564<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.7 | **Priority creditor's name and mailing address**<br>NEW YORK SALES TAX<br>NYS TAX DEPARTMENT<br>WA HARRIMAN CAMPUS<br>ALBANY, NY  12227<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |
| 2.8 | **Priority creditor's name and mailing address**<br>NYC DEPARTMENT OF FINANCE<br>66 JOHN ST, 2ND FLOOR<br>NEW YORK, NY  10038<br><br>**Date or dates debt was incurred**<br><br>**Last 4 digits of account number:**<br><br>**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:**<br>POTENTIAL TAX LIABILITY<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | UNKNOWN | UNKNOWN |

| **Part 1:** | **Additional Page** | | |
|---|---|---|---|

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.9 | **Priority creditor's name and mailing address**<br>NYC DEPARTMENT OF FINANCE<br>COMMERCIAL RENT TAX<br>P.O. BOX 3931<br>NEW YORK, NY 10008 | UNKNOWN | UNKNOWN |

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 2.10 | **Priority creditor's name and mailing address**<br>RHODE ISLAND SALES TAX<br>RHODE ISLAND DIVISION OF TAXATION<br>1 CAPITOL HILL<br>PROVIDENCE, RI 02908 | UNKNOWN | UNKNOWN |
|---|---|---|---|

**Date or dates debt was incurred**

**Last 4 digits of account number:**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

**3.**    **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address**<br>CITY OF BOSTON<br>PERSONAL PROPERTY TAX<br>OFFICE OF THE COLLECTOR-TREASURER<br>ONE CITY HALL SQUARE<br>BOSTON, MA 02201 | $3,480.73 |

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
POTENTIAL TAX LIABILITY

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 3.2 | **Nonpriority creditor's name and mailing address**<br>DAIRYLAND USA CORP.<br>PO BOX 30943<br>NEW YORK, NY 10087 | $371.43 |
|---|---|---|

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☑ No
☐ Yes

---

| 3.3 | **Nonpriority creditor's name and mailing address**<br>NORTHEAST ELECTRICAL & MECHANICAL<br>PO BOX 736<br>WALPOLE, MA 02081 | $1,100.00 |
|---|---|---|

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number:**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
TRADE PAYABLE

**Is the claim subject to offset?**
☑ No
☐ Yes

| **Part 2:** | Additional Page |
|---|---|

| | | Amount of claim |
|---|---|---|
| **3.4** | **Nonpriority creditor's name and mailing address**<br><br>PAGE EXTERMINATING, INC.<br>30-A MAVERICK ST.<br>EAST BOSTON, MA  02128<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TRADE PAYABLE<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $250.00 |
| **3.5** | **Nonpriority creditor's name and mailing address**<br><br>SYSCO BOSTON, LLC<br>CHIEF FINANCIAL OFFICER<br>99 SPRING ST.<br>PLYMPTON, MA  02367-1701<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TRADE PAYABLE<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $10,446.41 |
| **3.6** | **Nonpriority creditor's name and mailing address**<br><br>WB MASON<br>ATTN: PAIGE PECK<br>PO BOX 981101<br>BOSTON, MA  02298-1101<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>TRADE PAYABLE<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $2,637.67 |
| **3.7** | **Nonpriority creditor's name and mailing address**<br><br>WS SEAPORT L-1 LLC<br>C/O WS ASSET MANAGEMENT, INC.<br>33 BOYLSTON STREET, SUITE 3000<br>CHESTNUT HILL, MA  02467<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number:** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>RENT<br><br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | $5,927.11 |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

5.  **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| **5a.** Total claims from Part 1 | **5a.** | **UNDETERMINED** |
| **5b.** Total claims from Part 2 | **5b.** + | $24,213.35 |
| **5c.** **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | **5c.** | $24,213.35 |

**Fill in this information to identify the case:**

Debtor     E2 Seaport LLC

United States Bankruptcy Court for the:  District of Delaware

Case number     20-13117
(if known)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

**12/15**

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | COMMERCIAL INSURANCE PREMIUM FINANCE AND SECURITY AGREEMENT DATED 2/11/2021 | BANK DIRECT CAPITAL FINANCE 150 NORTH FIELD DRIVE, SUITE 190 LAKE FOREST, IL 60045 |
| | **State the term remaining** | NOT STATED | |
| | **List the contract number of any government contract** | | |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** | EMPLOYMENT PRACTICES LIABILITY/CRIME POLICY DATED 2/11/2020 | CHUBB GROUP OF INSURANCE COMPANIES ATTN: UNDERWRITING 82 HOPMEADOW ST. SIMSBURY, CT 06079 |
| | **State the term remaining** | 2/11/2021 | |
| | **List the contract number of any government contract** | | |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest** | DELIVERY SERVICE AGREEMENT DATED 11/1/2018 | GRUBHUB HOLDINGS INC. 111 W WASHINGTON ST STE 2100 CHICAGO, IL 60602 |
| | **State the term remaining** | NOT STATED | |
| | **List the contract number of any government contract** | | |
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest** | TRADE NAME RESTORATION/FOOD BORNE INCOME PROTECTION POLICY DATED 2/11/2020 | LLOYD'S AMERICA, INC. ATTN: LEGAL DEPARTMENT 280 PARK AVE., EAST TOWER, 25TH FLOOR NEW YORK, NY 10017 |
| | **State the term remaining** | 2/11/2021 | |
| | **List the contract number of any government contract** | | |

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest** | PRIVACY/CYBER LIABILITY POLICY DATED 2/11/2020 | PHILADELPHIA INSURANCE COMPANIES ONE BALA PLAZA, SUITE 100 BALA CYNWYD, PA 19004 |
| | **State the term remaining** | 2/11/2021 | |
| | **List the contract number of any government contract** | | |
| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest** | COMMERCIAL PACKAGE POLICY DATED 2/11/2020 | THE HARTFORD THE HARTFORD BUSINESS SERVICE CENTER 3600 WISEMAN BLVD. SAN ANTONIO, TX 78251 |
| | **State the term remaining** | 2/11/2021 | |
| | **List the contract number of any government contract** | | |
| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest** | WORKERS' COMPENSATION POLICY DATED 1/1/2020 | THE HARTFORD THE HARTFORD BUSINESS SERVICE CENTER 3600 WISEMAN BLVD. SAN ANTONIO, TX 78251 |
| | **State the term remaining** | 1/1/2021 | |
| | **List the contract number of any government contract** | | |
| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest** | UMBRELLA LIABILITY POLICY DATED 2/11/2020 | TRAVELER'S INDEMNITY COMPANY ONE TOWER SQUARE HARTFORD, CT 06183 |
| | **State the term remaining** | 2/11/2021 | |
| | **List the contract number of any government contract** | | |
| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest** | LEASE AGREEMENT: E2 SEAPORT STORE DATED 5/17/2016 | WS SEAPORT L-1 LLC C/O WS ASSET MANAGEMENT INC. 33 BOYLSTON STREET SUITE 3000 CHESNUT HILL, MA 02467 |
| | **State the term remaining** | 1/31/2031 | |
| | **List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

Debtor    E2 Seaport LLC

United States Bankruptcy Court for the:  District of Delaware

Case number   20-13117
(if known)

☐ Check if this is an
amended filing

## Official Form 206H

# Schedule H: Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

| 1. | **Does the debtor have any codebtors?** |
|---|---|
| | ☐ No.  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form. |
| | ☒ Yes. |

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply* |
| 2.1  ESQUARED HOSPITALITY LLC | 145 EAST 57TH ST, 11TH FLOOR NEW YORK, NY  10011 | WS SEAPORT L-1 LLC | ☐ D ☒ E/F ☐ G |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>E2 Seaport LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>20-13117</td></tr>
</table>

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 　　12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   1/8/2021
　　　　　　MM / DD / YYYY

✖ /s/ David Selinger
Signature of individual signing on behalf of debtor

David Selinger
Printed name

Authorized Person
Position or relationship to debtor