# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BC HOSPITALITY GROUP INC., *et al.*,<br><br>Debtors.[1] | Chapter 11 (Subchapter V)<br><br>Case No. 20-13103 (BLS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 170** |

**ORDER (I) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES;
(II) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS;
(III) ESTABLISHING THE VOTING RECORD DATE; (IV) FIXING THE DATE,
TIME, AND PLACE FOR THE CONFIRMATION HEARING AND THE DEADLINE
FOR FILING OBJECTIONS THERETO; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the certification of counsel (the "Certification") of the Debtors for entry of an order, pursuant to Interim Rule 3017.2 of the Federal Rules of Bankruptcy Procedure, (i) establishing procedures for the solicitation and tabulation of votes to accept or reject the *Joint Chapter 11 Plan of BC Hospitality Group Inc. and Its Debtor Affiliates* (as amended, the "Plan");[2] (ii) approving the form of ballot and solicitation materials; (iii) establishing a voting record date; (iv) fixing the date, time, and place for the Confirmation Hearing and the deadline for filing objections related thereto; and (v) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: BC Hospitality Group Inc. (8766); BC Hospitality Group LLC (9360); BC International LLC (1356); BC Commissary NJ LLC (0230); E2 185 Bleecker LLC (6862); E2 60 West 22nd Street LLC (9567); E2 Lafayette LLC (7419); BC Williamsburg LLC (8277); BCRC LLC (7297); CW SSS LLC (9958); BC Union Square LLC (5172); BC 1385 Broadway LLC (2138); BC 630 Lexington LLC (3202); CCSW Fenway LLC (5517); E2 Seaport LLC (9720); BC Back Bay LLC (0550); BC Providence LLC (0737); BC Silver Lake LLC (2825); BC Century City LLC (0901); and BC West Hollywood LLC (3878). The Debtors' mailing address is 205 Hudson Street, Suite 1001, New York, New York 10013.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

27495595.8

Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Certification in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Certification having been given; and it appearing that no other or further notice is required; and this Court having found that the relief requested in the Certification is in the best interests of the Debtors' estate, its creditors, and other parties in interest; and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.  The form of ballot attached hereto as Exhibit 1 (the "Ballot"): (i) is consistent with Official Form No. 14; (ii) adequately address the particular needs of these chapter 11 cases; and (iii) is appropriate for Class 3 (General Unsecured Claims) (the "Voting Class").

B.  The Ballot need not be provided to Holders of Claims or Interests in the following Classes (collectively, the "Non-Voting Classes"), as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code, or (ii) impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code:

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 4 | Intercompany Claims | Impaired | Deemed to Reject |
| 5 | Intercompany Interests | Impaired or Unimpaired | Deemed to Reject or Accept |
| 6 | Existing Interests | Impaired | Deemed to Reject |
| 7 | Section 510(b) Claims | Impaired | Deemed to Reject |

C.  The contents of the Solicitation Packages (as defined below) and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Ballot, substantially in the form attached hereto as **Exhibit 1**, is approved.

2. To be counted as votes to accept or reject the Plan, a Ballot must be properly executed, completed, and delivered, by mail, overnight courier, personal delivery, or by submitting a properly completed E-Ballot to Epiq Corporate Restructuring, LLC (the "Voting Agent") in accordance with the instructions on the Ballot or E-Ballot so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on February 25, 2021** (the "Voting Deadline"); *provided*, *however*, that if the Debtors do not file a notice selecting a stalking horse bidder in connection with their sale process by February 18, 2021, the Voting Deadline shall be extended to 4:00 p.m. (prevailing Eastern Time) on March 2, 2021.  If the Voting Deadline is extended in accordance with this paragraph, the Debtors shall serve a notice of such extension on the Holders of Claims in the Voting Class by no later than February 19, 2021.

3. The following procedures shall be used in tabulating the votes to accept or reject the Plan (the "Tabulation Rules and Procedures"):

**Claim Amounts for Voting Purposes.**

Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the Debtors' rights in any other context, each Claim within Class 3 (General Unsecured Claims) is entitled to vote to accept or reject the Plan be in an amount determined by the following procedures:

27495595.8

**Class 3 (General Unsecured Claims)**

 (a) if a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

 (b) if a Claim is deemed allowed under the Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

 (c) if a Claim for which a proof of Claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

 (d) if a Claim for which a proof of claim was timely filed and is liquidated and non-contingent or was listed in the Schedules in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting in the amount set forth on the proof of claim, or if no proof of claim was timely filed, the Debtors' filed Schedules;

 (e) if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

 (f) if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00.

 (g) proofs of claim filed for $0.00 are not entitled to vote;

 (h) if the Debtors or another party in interest have served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i) for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(j) notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

(k) if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these Tabulation Rules and Procedures, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court or approved by the Debtors, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these Tabulation Rules and Procedures.

**Voting Rules**

(a) Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors in its discretion;

(b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c) any Ballot cast by a person or entity that does not hold a Claim in a Voting Class will not be counted;

(d) any unsigned Ballot will not be counted, provided that Ballots validly submitted through the E-Balloting Portal will be deemed signed;

(e) except in the Debtors' discretion any Ballot transmitted to the Voting Agent by facsimile or other electronic means (other than through the E-Balloting Portal) will not be counted;

(f) any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted;

(g) whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received,

|   |   |   |
|---|---|---|
|   |   | Ballot will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots; |
|   | (h) | if a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted. |
|   | (i) | subject to the other Tabulation Rules and Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot; |
|   | (j) | claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Plan, and any votes that are split shall not be counted; and |
|   | (k) | subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot. |

4. The Confirmation Hearing is hereby scheduled for **March 4, 2021 at 10:00 a.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than by (a) announcing any adjourned date at the Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of these chapter 11 cases.

5. Objections to approval and confirmation of the Plan on any grounds, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "Notice Parties"): (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: M. Blake Cleary (mbcleary@ycst.com) and Elizabeth S. Justison (ejustison@ycst.com)); (b) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Wilmington, Delaware 19801 (Attn: Rosa Sierra (rosa.sierra@usdoj.gov)); (c) counsel to the Debtors' post-petition lenders, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6066 (Attn: Andrew S. Mordkoff

(amordkoff@willkie.com)); and (d) the Subchapter V Trustee, Jami B. Nimeroff, Esq., Brown McGarry Nimeroff LLC, Two Penn Center, Suite 610, 1500 John F. Kennedy Boulevard, Philadelphia, PA 19102 (jnimeroff@bmnlawyers.com), by no later than **4:00 p.m. (prevailing Eastern Time) on February 25, 2021**; *provided, however*, that any objections *solely with respect to the conduct of the Auction or the specific identity of and adequate assurance of future performance provided by* the successful bidder (the "Successful Bidder") designated following the auction (the "Auction") shall be made no later than **4:00 p.m. (prevailing Eastern Time) on March 2, 2021.**

6. The Debtors shall file a notice of the successful bidder (the "Successful Bidder Notice") and post the Successful Bidder Notice on the website of their Voting Agent, https://dm.epiq11.com/case/bychloe, as soon as practicable following the conclusion of the Auction. The Successful Bidder Notice shall include the name of the Successful Bidder and the amount of the Successful Bidder's bid and the name of any applicable back-up bidder and the amount of such back-up bidder's bid.

7. The Debtors shall, if they deem necessary in their discretion, and any other party in interest may, file a reply to any objections or brief in support of approval of the Plan by no later than **12:00 p.m. (prevailing Eastern Time) on March 2, 2021** (or two (2) business days prior to the date of any adjourned Confirmation Hearing).

8. The Confirmation Notice, in substantially the form attached hereto as **Exhibit 2**, is approved.

9. The record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and vote on the Plan (the "Record Date") shall be January 25, 2021, at 4:00 p.m. (prevailing Eastern Time); *provided*, *however*, that Claims listed as contingent,

unliquidated, or disputed on the Debtors' Schedules shall be entitled to receive Solicitation Packages, but such Claims shall only be entitled to vote if the applicable proof of claim for such Claim is timely filed by the general Bar Date of February 12, 2021.

10. With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

11. On or prior to the date that is three (3) business days after the entry of this Order (the "Service Date"), the Voting Agent shall mail packages (such packages, the "Solicitation Packages") to the Voting Class containing copies of: (a) the Confirmation Notice; (b) either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of the Plan; (c) the applicable Ballot; and (d) a pre-paid, pre-addressed return envelope.

12. On or prior to the Service Date, the Voting Agent shall mail the Confirmation Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package: (a) all persons or entities that have filed, or are deemed to have filed, a proof of Claim or request for allowance of Claim as of the Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities known to the Debtor

to hold or assert a lien or other interest in the Debtors' property; (h) all parties listed on the Debtors' creditor matrix; and (i) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

13. The Plan Supplement shall be filed no later than 14 days before the Confirmation Hearing; *provided, however*, that any documents in the Plan Supplement that are directly impacted by the results of the Auction may be filed following the conclusion of such Auction; *provided, further, however*, that the Debtors' right to modify any and all Plan Supplement documents after they are filed is expressly reserved. The Debtors shall serve a notice of the Plan Supplement on the parties served with a Solicitation Package and on all parties requesting notice in these cases pursuant to Bankruptcy Rule 2002. Such notice shall: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement on the website of the Voting Agent.

14. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. The Court shall retain jurisdiction to hear and determined all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

**Dated: January 22nd, 2021 Wilmington, Delaware**

**BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE**

27495595.8

9