# **EXHIBIT 1**

**Class 3 (General Unsecured Claims) Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BC HOSPITALITY GROUP INC., *et al.*,<br><br>Debtors.[1] | Chapter 11 (Subchapter V)<br><br>Case No. 20-13103 (BLS)<br><br>(Jointly Administered) |

**CLASS 3 (GENERAL UNSECURED CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF BC HOSPITALITY GROUP INC. AND ITS DEBTOR AFFILIATES**

> **TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY THE VOTING DEADLINE OF FEBRUARY 25, 2021, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

This ballot (the "<u>Ballot</u>") is being submitted to you by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *Joint Chapter 11 Plan of BC Hospitality Group Inc. and Its Debtor Affiliates* [D.I. 169] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Plan</u>").[2] Copies of the Plan may be obtained free of charge on the dedicated webpage of Epiq Corporate Restructuring, LLC (the "<u>Voting Agent</u>") at https://dm.epiq11.com/bychloe or upon request to the Voting Agent by (i) telephone at 646-282-2400 or (ii) email at byChloe@epiqglobal.com.[3]

The Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it satisfies the applicable requirements of section 1191 of the Bankruptcy Code.

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1. For your vote to count, you must:

    a. Submit your Ballot by ***one*** of the following methods:

    i. Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") by mail, overnight courier, or hand delivery to the following address:

| **If by first class mail, to:** | **If by hand delivery or overnight mail, to:** |
|---|---|
| BC Hospitality Group Inc. - Ballot Processing<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | BC Hospitality Group Inc. - Ballot Processing<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

**or**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: BC Hospitality Group Inc. (8766); BC Hospitality Group LLC (9360); BC International LLC (1356); BC Commissary NJ LLC (0230); E2 185 Bleecker LLC (6862); E2 60 West 22nd Street LLC (9567); E2 Lafayette LLC (7419); BC Williamsburg LLC (8277); BCRC LLC (7297); CW SSS LLC (9958); BC Union Square LLC (5172); BC 1385 Broadway LLC (2138); BC 630 Lexington LLC (3202); CCSW Fenway LLC (5517); E2 Seaport LLC (9720); BC Back Bay LLC (0550); BC Providence LLC (0737); BC Silver Lake LLC (2825); BC Century City LLC (0901); and BC West Hollywood LLC (3878). The Debtors' mailing address is 205 Hudson Street, Suite 1001, New York, New York 10013.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

[3] Copies of the Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

27495595.8

  ii. Submitting an electronic Ballot (an "E-Ballot") through the Voting Agent's dedicated, E-Ballot portal (the "E-Balloting Portal"). To submit your Ballot through the E-Balloting Portal, visit https://dm.epiq11.com/bychloe, click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-Ballot.

- IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot Ballot:

   Unique E-Ballot ID#:_____

- Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable. If you submit an E-Ballot, you should NOT also submit a Paper Ballot.
- The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

**If you are casting a Ballot using the E-Ballot Portal you should NOT also submit a paper Ballot.**

a. In the boxes provided in Item 2 of the Ballot, indicate either acceptance or rejection of the Plan by checking the appropriate box;

b. Review and sign the acknowledgements in Item 4 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid and original signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the General Unsecured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

c. **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, February 25, 2021 at 4:00 p.m. (prevailing Eastern Time)**. If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes. Please be advised that the Voting Deadline may be extended in accordance with the Solicitation Procedures Order. If the Voting Deadline is extended, you will receive notice of such extension.

1. If you voted to reject the Plan or choose not to vote, review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions contained in Article X.E of the Plan by checking the box in Item 3. Electing to opt out of such release provisions by checking the box in Item 3 will result in you NOT being a Released Party.

2. You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted. **Further, inconsistent, duplicate Ballots with respect to the same Claim shall not be counted.**

3. The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

4. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

5. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6. PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL (BYCHLOE@EPIQGLOBAL.COM), OR (III) BY TELEPHONE AT 646-282-2400. DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

27495595.8

**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND
EXCULPATION PROVISIONS IN THE PLAN**

7. PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

Article X.E contains the following consensual third-party releases by Holders of Claims or Interests:

**As of the Effective Date, each Releasing Party is deemed to have released and discharged each Debtor or Reorganized Debtor, as applicable, and other Released Party from any and all claims (as such term is defined in section 101(5) of the Bankruptcy Code) or Causes of Action, including all direct and derivative claims asserted by or on behalf of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), including but not limited to those based on or relating to, or in any manner arising from, in whole or in part:**

(1) **the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the formulation, preparation, dissemination, negotiation, or filing of the other Restructuring Documents;**

(2) **any Restructuring Document, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan;**

(3) **the Chapter 11 Cases, the Plan, the DIP Loan Documents, the DIP Facility, the Asset Purchase Agreement or the Plan Sponsor Agreement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement; or**

(4) **the business or contractual arrangements between any Debtor and any Released Party, and any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date relating to any of the foregoing.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Document, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; provided further that in no event shall anything in this Article X.E be construed as a release of any person's gross negligence, fraud, or willful misconduct, each as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the third-party release set forth above, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the third-party release set forth above is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by the Releasing Parties; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any Claim released by the third-party release set forth above against any of the Released Parties.**

As defined in the Plan:

*"Released Party"* **means each of the following in their capacity as such: (a) the Debtors and the Reorganized Debtors; (b) the Debtors' current and former officers, directors, and managers; (c) the DIP Lenders; (d) the Sale Parties; and (e) with respect to each of the foregoing Entities described in clauses (a) through (d), such Entities' respective predecessors, successors and assigns, and current and former stockholders, members, limited partners, general partners, equity holders, Affiliates and its and their subsidiaries, principals, partners, parents, equity holders, members, employees, agents, officers, directors, managers, trustees, professionals, representatives, advisors, attorneys, financial advisors, accountants, investment bankers, and consultants, in each case solely in their capacity as such; provided that any Holder of a Claim or Interest that elects to "opt out" of granting the**

**Plan's third-party releases by either opting out of such release or timely objecting to the Plan's third-party release provisions shall not be a "Released Party."**[4]

*"Releasing Party"* **means, collectively, and in each case solely in its capacity as such: (a) the Debtors and the Reorganized Debtors; (b) the DIP Lenders; (c) each Holder of a Claim or Interest entitled to vote to accept or reject the Plan that (i) votes to accept the Plan or (ii) votes to reject the Plan or does not vote to accept or reject the Plan but does not affirmatively elect to "opt out" of granting the Plan's third-party releases by either opting out of such release or timely objecting to the Plan's third-party release provisions; (d) each Holder of a Claim or Interest that is Unimpaired and presumed to accept the Plan; (e) each Holder of a Claim or Interest that is deemed to reject the Plan that does not affirmatively elect to "opt out" of granting the Plan's third-party releases by timely objecting to the Plan's third-party release provisions; and (f) with respect each of the foregoing Entities described in clauses (a) through (e), such Entities' current and former affiliates, and such entities' and such affiliates' partners, subsidiaries, predecessors, current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), members, officers, principals, employees, agents, managed accounts or funds, advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, and other professionals, together with their respective successors and assigns;** *provided* **that any holder of a Claim or Interest that is deemed to have granted a third party release in the Confirmation Order shall be deemed a "Releasing Party" regardless of whether such holder elected to opt out of or object to the third party releases.**

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN ARTICLE X OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

---

[4] The definition of Released Parties set forth herein is subject to change. The Debtors intend to file an amended version of the Plan and reserve their right to amend or supplement the definition of Released Parties.

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE) AND 4.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Voting Amount.**  The undersigned certifies that, as of January 25, 2021, the undersigned was a Holder of a Class 3 General Unsecured Claim in the amount set forth below:[5]

Voting Amount (in U.S. Dollars): $ _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐ **Accept** the Plan                     ☐ **Reject** the Plan

**You are consenting to the releases set forth in Article X.E of the Plan and the related injunction to the fullest extent permitted by applicable law if you (i) vote to accept the Plan or (ii) vote to reject the Plan and do not check the box in Item 3 below electing not to grant the releases in Article X.E.**

**Item 3.  (ONLY APPLICABLE IF VOTED TO REJECT THE PLAN OR NOT VOTING) Release Opt-Out Election.**

If you voted to reject the Plan or are not voting, check this box if you elect <u>**not**</u> to grant the releases contained in Article X.E of the Plan.  Election to withhold consent is at your option.  **If you exercise your right to not grant the releases by checking the box below, you <u>will not</u> be a Released Party.**  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Article X.E of the Plan and the related injunction to the fullest extent permitted by applicable law.

☐ **The undersigned elects <u>not</u> to grant the releases contained in Article X.E of the Plan.**

**Item 4.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted for voting purposes.

_____        _____
Name of Creditor                                         Telephone Number

_____        _____
Signature                                                    Email Address

_____
If by Authorized Agent, Name and Title

---

[5]  For voting purposes only, subject to tabulation rules.

27495595.8

Class 3 Ballot

_____              _____
Name of Institution                                                    Date Completed

_____
Street Address

_____
City, State, Zip Code

27495595.8

6

Class 3 Ballot