IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BC HOSPITALITY GROUP INC., *et al.*,<br><br>Debtors. | Chapter 11 (Subchapter V)<br><br>Case No. 20-13103 (BLS)<br><br>(Jointly Administered)<br><br>Hearing Date: March 4, 2021 at 10:00 a.m. (ET)<br>Objection Deadline: February 25, 2021 at 4:00 p.m. (ET)<br><br>Related to Docket No. 169 |

### OBJECTION AND RESERVATION OF RIGHTS OF BLUE RIDGE BANK, N.A. TO CONFIRMATION OF THE DEBTORS' JOINT CHAPTER 11 PLAN

COMES NOW Blue Ridge Bank, N.A. (the "Bank"), by and through its undersigned counsel, and files this objection and reservation of rights to the Joint Chapter 11 Plan [Docket No. 169] of BC Hospitality Group Inc., *et. al* (collectively, the "Debtors"). In support of this objection and reservation of rights (the "Objection"), the Bank respectfully states as follows:

### BACKGROUND

1. The Bank is the holder of that certain SBA Paycheck Protection Promissory Note dated April 28, 2020, made by certain of the Debtors, BC Hospitality Group Inc. (referred to hereinafter as the "Debtor"), payable to the order of the Bank in the principal amount of $2,673,000.00 (the "Promissory Note"). A true and accurate copy of the Promissory Note is attached hereto as Exhibit A. The Promissory Note is subject to the terms of that certain SBA Paycheck Protection Program Loan Agreement dated April 28, 2020, by and between the Debtor and the Bank (the "Loan Agreement," and, together with the Promissory Note, the "PPP Loan"). A true and accurate copy of the Loan Agreement is attached hereto as Exhibit B.

2.     On December 14, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code and elected to proceed under Subchapter V of the Bankruptcy Code.

3.     The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On January 21, 2021, the Debtors filed a proposed chapter 11 plan of reorganization (the "Plan") [Docket No. 169] that includes a toggle feature, resulting in either: (a) an asset sale restructuring, which allows the Debtors to enter into a single transaction for the sale or disposition of all or substantially all of their assets; or (b) an equitization sale restructuring (as defined in the Plan), which provides for the implementation of the terms of an acceptable plan sponsor investment in the form of an equity investment.

5.     The Debtors' Plan states that they "have already properly deployed the proceeds of the PPP Loan in accordance with applicable guidelines and regulations and have already submitted an application for forgiveness of the PPP Loan and expect it to be fully forgiven." Plan, p. 19, fn. 4. As of the date of this Objection, however, the SBA has not forgiven the PPP Loan and the Debtor has otherwise not satisfied the PPP Loan.

6.     On January 22, 2021, the Court entered an order setting the deadline to object to confirmation of the Plan for February 25, 2021 [Docket No. 174].

## ARGUMENT

7.     Under the Promissory Note, "[t]he reorganization or merger, or change of 25% or more of the equity ownership," of the Debtor without the Bank's prior written consent constitutes an "Event of Default." Upon an instance of an Event of Default, the Bank may declare the Debtor

in default and the Promissory Note immediately due and payable, "and pursue any remedy available to it under the Act, the Rule, any Additional Rule, or otherwise at law or in equity."[1]

8. The PPP Loan also is subject to that certain SBA Procedural Notice (the "<u>SBA Procedural Notice</u>"), effective October 2, 2020, which imposes conditions on asset sales and ownership interest transfers that qualify as a "change of ownership":

> For purposes of the PPP, a "change of ownership" will be considered to have occurred when (1) at least 20 percent of the common stock or other ownership interest of a PPP borrower (including a publicly traded entity) is sold or otherwise transferred, whether in one or more transactions, including to an affiliate or an existing owner of the entity, (2) the PPP borrower sells or otherwise transfers at least 50 percent of its assets (measured by fair market value), whether in one or more transactions, or (3) a PPP borrower is merged with or into another entity.

SBA Form 1353.3 (4-93), Control No. 5000-20057. A true and accurate copy of the SBA Procedural Notice is attached hereto as <u>Exhibit C</u>. If the PPP Loan is not fully forgiven and/or satisfied prior to closing the sale or transfer, the Debtor must obtain prior approval of the sale from the SBA unless certain circumstances exist and conditions are met:

> An individual or entity may sell or otherwise transfer common stock or other ownership interest in a PPP borrower <u>without</u> the prior approval of SBA only if:
>
> a) The sale or other transfer is of 50% or less of the common stock or other ownership interest of the PPP borrower; or
>
> b) The PPP borrower completes a forgiveness application reflecting its use of all of the PPP loan proceeds and submits it, together with any required supporting documentation, to the PPP Lender, and an interest-bearing escrow account controlled by the PPP Lender is established with funds equal to the outstanding balance of the PPP loan. After the forgiveness

---

[1] The Promissory Note defines the "<u>Act</u>" as the Coronavirus Aid, Relief and Economic Security Act; the "<u>Rule</u>" as the Interim Final Rule of the Small Business Administration promulgated on April 2, 2020, and identified therein as Docket No. SBA-2020-0015, 13 C.F.R. Part 120 and supplemented by the SBA on April 4, 2020; and any "<u>Additional Rule</u>" as any amendment to the Act; any additional federal statute altering or expanding the Rule; any Executive Order of the President of the United States altering or expanding the Rule; any official guidance, form, requirement, procedure, rule, regulation, reporting obligation, notice, program guide or other release by the SBA, the Treasury, a Facility or any other department, agency or administration of the United States Government altering or expanding the Rule or pertaining to, affecting or enabling forgiveness, purchase, repayment or other satisfaction of the principal balance of the Promissory Note at any time or from time to time and/or interest thereon (whether accrued or thereafter to accrue) on such principal balance.

> process (including any appeal of SBA's decision) is completed, the escrow funds must be disbursed first to repay any remaining PPP loan balance plus interest.
>
> . . . .
>
> A PPP borrower may sell 50 percent or more of its assets (measured by fair market value) <u>without</u> the prior approval of SBA only if the PPP borrower completes a forgiveness application reflecting its use of all of the PPP loan proceeds and submits it, together with any required supporting documentation, to the PPP Lender, and an interest-bearing escrow account controlled by the PPP Lender is established with funds equal to the outstanding balance of the PPP loan. After the forgiveness process (including any appeal of SBA's decision) is completed, the escrow funds must be disbursed first to repay any remaining PPP loan balance plus interest.

*Id.*, § 2(a). Furthermore, the SBA will not approve a change of ownership involving the sale of 50 percent or more of the assets unless the purchasing entity assumes all of the Debtor's obligations under the PPP Loan. *Id.*, § 2(b). "In such cases, the purchase or sale agreement must include appropriate language regarding the assumption of the PPP borrower's obligations under the PPP loan by the purchasing person or entity, or a separate assumption agreement must be submitted to SBA." *Id.*

9. The toggle feature in the Debtors' Plan contemplates either: (a) an asset sale restructuring, which allows the Debtors to enter into a single transaction for the sale or disposition of all or substantially all of their assets; or (b) an equitization restructuring, which provides for the implementation of the terms of an acceptable plan sponsor investment in the form of an equity investment. The Plan, however, is silent as to whether the Debtor has obtained approval from the SBA or satisfied the other requirements set forth in the SBA Procedural Notice.

10. The Bank acknowledges that the Debtor has submitted a forgiveness application. Furthermore, the Bank is not aware of any reason, at this present time, why the forgiveness application should not be forgiven. Nevertheless, until the SBA has forgiven the PPP Loan—or the Debtor has otherwise satisfied the PPP Loan—the Debtor remains bound by the Promissory

Note and SBA Procedural Notice. Failure to comply with the terms and conditions of the Promissory Note and SBA Procedural Notice, could jeopardize the Debtor's ability to obtain forgiveness of the PPP Loan.

## **RESERVATION OF RIGHTS**

11. Although it currently is unclear whether the Debtors will proceed with an asset sale restructuring or an equitization restructuring, either process must conform with the Promissory Note and SBA Procedural Notice. Accordingly, the Bank reserves the right to object to any future asset sale or ownership interest transfer when such sale or transfer materializes.

WHEREFORE, the Bank respectfully requests that the Court sustain this Objection and grant such other relief as the Court may deem appropriate. If, however, the Court is inclined to confirm the Debtors' Plan, as currently drafted, then the Bank respectfully requests that the Court require the Debtors to open an escrow account with the Bank containing funds equal to the outstanding balance of the PPP Loan in accordance with the SBA Procedural Notice.

Date:  February 25, 2021                             CONNOLLY GALLAGHER  LLP

*/s/ Karen C. Bifferato*
Karen C Bifferato, Esquire (DE Bar No. 3279)
Connolly Gallagher LLP
1201 North Market Street
Wilmington, DE  19801
Telephone:  (302) 888-6221
Email:  kbifferato@connollygallagher.com

-and-

    Augustus C. Epps, Jr., Esquire (VSB No. 13254)
    Michael D. Mueller, Esquire (VSB No. 38216)
    Jennifer M. McLemore, Esquire (VSB No. 47164)
    Bennett T. W. Eastham, Esquire (VSB No. 93484)
    WILLIAMS MULLEN
    200 South 10th Street, Suite 1600
    Richmond, Virginia 23219
    Telephone: (804) 420-6330
    Facsimile: (804) 697-6112
    Email: aepps@williamsmullen.com
       mmueller@williamsmullen.com
       jmclemore@williamsmullen.com
       beastham@williamsmullen.com