# Exhibit A

## SBA PAYCHECK PROTECTION
## PROGRAM PROMISSORY NOTE

**FOR VALUE RECEIVED,** the undersigned borrower ("Maker") hereby promises to pay to the order of Blue Ridge Bank, N.A. ("Payee") or its assigns (each of Payee or such assigns hereinafter called "Holder"), in lawful money of the United States the principal amount specified adjacent to Maker's signature below, as reduced as provided herein, together with interest on the unpaid principal balance of this Note from the date hereof until paid in full, at the interest rate (calculated on an a 30/360 basis), as set forth herein (the "Loan").

1. Interest Rate. The interest rate on this Note is one percent (1.00%) per annum.

2. Payments. Payments of principal and interest will be deferred for six (6) months from the date of the making of this Note specified below (the last day of such period being the "Period End Date"). Thereafter, commencing on the seven (7) month anniversary of the date of this Note and continuing on the same date in each of the seventeen (17) succeeding calendar months, Maker shall pay to Holder a monthly payment equal to the sum of (a) one-eighteenth (1/18th) of the principal balance of this Note as of the Period End Date, (b) applicable accrued interest, and (c) one-eighteenth (1/18th) of the total interest accrued, but deferred, on the principal balance of this Note through the Period End Date. Any and all other charges due under the terms of this Note shall be due and payable with the last such monthly payment. The principal amount of this Note and interest due thereon shall be reduced by the amount of any Forgiveness or Repurchase (as such terms are defined herein). Holder and Maker agree that Holder will provide to Borrower in advance of the Period End Date a schedule specifying the amount(s) of the monthly payments set forth above ("Schedule") and that the Schedule shall be deemed a part of and incorporated into this Note.

3. Term and Maturity Date. The term of this Note shall end upon the due date of the last monthly payment specified in Section 2. above (the "Maturity Date").

4. Prepayment. This Note may be prepaid prior to the Maturity Date, in full or in part, together with all accrued interest on the date of prepayment, at any time, without penalty.

5. Set-Off. To the extent not prohibited by law, including the Coronavirus Aid, Relief and Economic Security Act ("Act"), the Interim Final Rule of the Small Business Administration (the "SBA") promulgated on April 2, 2020 and identified therein as Docket No. SBA-2020-0015, 13 C.F.R. Part 120 and supplemented by the SBA on April 4, 2020 (the "Rule") or any Additional Rule (as defined herein), Holder may exercise the right to set-off any amount due and payable under this Note, whether matured or unmatured, against any amount owing by Holder to Maker, including any and all of Maker's deposit or similar accounts with Holder and further including all such accounts Maker holds jointly with another person or entity and all accounts with Holder that Maker may open in the future. Such right of set-off may be exercised by Holder against Maker or against any assignee of Maker for the benefit of creditors, receiver or execution, judgment or attachment creditor of Maker, notwithstanding the fact that such set-off right was not exercised by Holder prior to the making, filing or issuance or service upon Holder of, or a notice of, any

assignment for the benefit of creditors, appointment or application of a receiver, or issuance of execution, subpoena, order or warrant.

      6.    Method of Payment. All payments of principal or interest due under this Note shall be made by Maker as set forth on the signature page of this Note or to such other place or by such other method as provided in writing to Maker by Holder, and in such money of the United States as shall be legal tender for the payment of public and private debts. Whenever payment due hereunder falls due on a day which is a Saturday, Sunday or legal holiday under the laws specified in Section 10 below, such payment shall be made in the next succeeding day which is not a Saturday, Sunday or a legal holiday.

      7.    Default. The occurrence of any of the following events constitutes an event of default under this Note (each an "Event of Default"):

      a.    A determination by the SBA or the United States Department of the Treasury (the "Treasury") that the Loan is not an "eligible loan" under the Act, the Rule or any Additional Rule;

      b.    A determination by the SBA or the Treasury that any use of the proceeds of the Note by Maker prohibits the forgiveness of principal and interest (whether or not then deferred as to payment as provided herein) due under this Note ("Forgiveness") or a Repurchase (as defined herein) pursuant to the Act, the Rule or any Additional Rule and the payment of such forgiven or purchased principal and interest to Holder by the SBA, the Treasury or any Facility (as defined herein);

      c.    Any failure by Maker to make any payment due under this Note when or in the amount due;

      d.    Any act or omission of Maker resulting in the termination of the SBA's guarantee of the Loan pursuant to the Act, the Rule or any Additional Rule;

      e.    The dissolution or other termination of the existence of Maker;

      f.    The commencement of any proceeding under bankruptcy or insolvency laws by or against Maker;

      g.    Maker's failure to promptly and fully file or otherwise provide to the SBA, or to promptly provide to Holder so that it may file or otherwise provide to the SBA, all documents, statements, records, certification, calculations, authorizations and other information ("Submission Materials") required by the SBA to promptly effect a Forgiveness;

      h.    Any breach by Maker of the Loan Agreement between Maker and Payee of even date herewith ("Loan Agreement");

      i.    Maker's failure to promptly and fully file or otherwise provide to the SBA, the Treasury, any other department, agency or administration of the United States Government, or any facility, fund or other mechanism established or sponsored by the

SBA, the Treasury or any other such department, agency or administration (each a "Facility") enabled to purchase, forgive or otherwise extinguish this Note by reimbursing or otherwise paying to Holder the principal and all accrued, but unpaid, interest under this Note (a "Repurchase") all Submission Materials required by the SBA, the Treasury or a Facility to promptly effect such Repurchase or Maker fails to promptly and fully provide to Holder all such Submission Materials required by the SBA, the Treasury or a Facility necessary for Holder to file or otherwise provide to the SBA, the Treasury or a Facility all materials necessary to effect such Repurchase;

j. Any default by Maker on any other loan, extension of credit, security or similar credit document with Holder;

k. Any default on any loan, extension of credit, security agreement, sale of assets or any other agreement with another creditor if Holder believes such default may materially affect Maker's ability to pay this Note;

l. Maker becomes the subject of a civil or criminal action that Holder believes may materially affect Maker's ability to pay this Note; or

m. The reorganization or merger, or change of 25% or more of the equity ownership, of Maker without Holder's prior written consent.

Upon an instance of an Event of Default, Holder may declare Maker in default ("Default") and this Note immediately due and payable, and pursue any remedy available to it under the Act, the Rule, any Additional Rule, or otherwise at law or in equity.

8. Interest Rate After Default. Except to the extent prohibited by the Act, the Rule or any Additional Rule, upon Default the interest rate specified in Section 1. above shall be increased to four percent (4%) per annum.

9. Assignment. Holder may assign this Note and its rights and obligations herein, in whole or in part, to the SBA, the Treasury, a Facility or any purchaser or purchasers of this Note or any portion hereof. Maker may not assign any of its rights or obligations herein without the prior written consent of Holder.

10. Governing Law. This Note shall be governed by and construed under and in accordance with the laws of the State of Virginia. When the SBA is the Holder of this Note, this Note will be interpreted and enforced under federal law, including the SBA regulations. Payee or the SBA may use state or local procedures for filing papers, recording documents, giving notice and other purposes. By using such procedures, the SBA does not waive any federal immunity from state or local control, penalty, tax or liability. As to this Note, Maker may not claim or assert against the SBA any local or state law to deny any obligation, defeat any claim of the SBA, or preempt federal law.

11. Headings. The headings of the Sections of this Note are for convenience only and shall not be used to construe any provision hereof.

12. <u>Severability</u>. Any provision of this Note prohibited by the Act, the Rule or any Additional Rule, or any other laws of any jurisdiction shall be ineffective to the extent of such prohibition or modified to conform therewith, without invalidating the remaining provisions of this Note.

13. <u>Binding Effect</u>. This Note shall bind and inure to the benefit of the parties and their respective legal representatives, successors, and permitted assigns.

14. <u>Waiver of Protest</u>. Maker waives presentment, protest, notice of protest and non-payment, or other notice of default, notice of acceleration and intention to accelerate and agrees that its liability under this Note shall not be affected by any renewal or extension in the time of payment hereof, or by any indulgences, and hereby consents to any and all renewals, extensions, indulgences, releases, or changes, regardless of the number of such renewals, extensions, indulgences, releases or changes.

15. <u>Rights and Waivers</u>. No failure or delay on the part of Holder in exercising any right, power or privilege under this Note or the Loan Agreement, or under the Act, the Rule, any Additional Rule or any other applicable law shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege hereunder or thereunder preclude any other or further exercise thereof or the exercise of any other right, power or privilege. No waiver or modification of any right, power or privilege of Holder or of any obligation of Maker shall be effective unless such waiver or modification is in writing, and signed by Holder and then only to the extent set forth therein. A waiver by Holder of any right, power, or privilege hereunder on any one occasion shall not be construed as a bar to, or waiver of, the exercise of any such right, power or privilege which Holder otherwise would have on any subsequent occasion.

16. <u>Costs of Collection</u>. If this Note is placed in the hands of an attorney for collection, or if it is collected through any legal proceeding at law or in equity, or in bankruptcy, receivership or other court proceedings, Maker agrees to pay all costs of collection, including, but not limited to, court costs and reasonable attorneys' fees actually incurred by Holder, including all costs of appeal.

17. <u>Additional Rules</u>. As used in this Note, the term "<u>Additional Rule</u>" means any amendment to the Act; any additional federal statute altering or expanding the Rule; any Executive Order of the President of the United States altering or expanding the Rule; any official guidance, form, requirement, procedure, rule, regulation, reporting obligation, notice, program guide or other release by the SBA, the Treasury, a Facility or any other department, agency or administration of the United States Government altering or expanding the Rule or pertaining to, affecting or enabling forgiveness, purchase, repayment or other satisfaction of the principal balance of this Note at any time or from time to time and/or interest thereon (whether accrued or thereafter to accrue) on such principal balance.

18. <u>Electronic Signatures</u>. This Note may be executed by Maker via "wet" signature or electronic mark and may be delivered using a .pdf or similar file type transmitted via electronic mail, cloud-based server, e-signature technology or other similar electronic means (including, without limitation, use of an electronic signature service such as DocuSign.

IN WITNESS WHEREOF, Maker has duly endorsed this Note under seal on the __28__ day of __April__, 2020.

                                                          BC Hospitality Group inc
                                                          Name of Maker

Principal Amount:

$ __2,673,000__

                                      *Christopher Romano*
                           By: Christopher Romano (May 1, 2020)_____(SEAL)
                               Authorized Officer, Manager or Partner

                                                     Chris Romano
                                                       Print Name

                                                     CFO
                                                     Print Office Held

Method/Place of Payment

If payment made by mail:

Blue Ridge Bank, N.A.
PO Box 609
Luray VA  22835-0609

If payment made by wire transfer:

Blue Ridge Bank, N.A.
17 W. Main Street
Luray, VA 22835
ABA #051402372
Reference:
Account Holder
Account Number

If payment made by other method:
17 W. Main Street
Luray, VA 22835

5