# Exhibit B

## SBA PAYCHECK PROTECTION
## PROGRAM LOAN AGREEMENT

This SBA Paycheck Protection Program Loan Agreement ("Agreement") is by and between Blue Ridge Bank, N.A. ("Bank") and the borrower ("Borrower") executing this Agreement below, applies to the loan ("Loan") evidenced by the Paycheck Protection Program Note ("Note") of even date herewith, and is entered into pursuant to Sections 1102 and 1106 of the Coronavirus Aid, Relief and Economic Security Act ("Act") and the Interim Final Rule of the Small Business Administration ("SBA") promulgated on April 2, 2020 and identified therein as Docket No. SBA-2020-0015, 13 C.F.R. Part 120 and supplemented by the SBA on April 4, 2020 ("Rule") (the Act and the Rule are collectively, the "Program"). The term "Loan Documents" as used herein means this Agreement, the Note, the Paycheck Protection Program Borrower Application Form submitted by Borrower to the SBA in connection with the Loan ("Application") and all documentation and written information provided by Borrower to Bank or to the SBA pursuant to the Application ("Application Documents"). The term "Obligations" as used herein means the principal balance of the Note and all interest accrued thereon.

Relying upon the covenants, agreements, representations and warranties made herein by Borrower, Bank is willing to extend credit to Borrower upon and subject to the terms and conditions set forth herein and in the Note. Bank and Borrower agree as follows:

1.      Borrower covenants, agrees, represents and warrants that:

   a.   All information, answers, statements, records, calculations, authorizations, certifications and other documentation provided with or made by Borrower in the Application or the Application Documents are truthful, accurate and complete.

   b.   Borrower will expend the proceeds of the Note in compliance with the Program, will expend no less than 75% of the proceeds of the Note for "payroll costs", as defined in the Act and item 2.f. of the Rule, and will expend the remainder of the proceeds of the Note for other eligible expenses qualifying for forgiveness under the Program and as certified by Borrower in the Application.

   c.   Borrower will exercise its best and most diligent efforts to comply with all requirements of the Program necessary to enable forgiveness of the Obligations ("Forgiveness") under the Program and any Additional Rule (as defined below).

   d.   Borrower shall not conduct its business activities or otherwise engage in activities that would prevent Forgiveness.

   e.   Borrower will operate its business in compliance with all federal, state and local laws, rules and regulations applicable to its business, properties, operations or finances.

4831-1548-8953.v1

      f.      Borrower shall allow and provide to Bank and its agents, during normal business hours, access to its books, records, accounting records and such other documents of Borrower as Bank shall reasonably require, including books, records, accounting records and such other documents held by a third party on behalf of Borrower or to enable the third party to provide services to Borrower (other than attorney-client privileged materials).

2.      Borrower covenants and agrees that should Bank request the SBA to purchase the expected forgiveness amount of the Obligations as provided by the Program, Borrower will promptly and fully provide to Bank all documents, statements, calculations, records, certifications, authorizations and other information ("Submission Materials") necessary for Bank to make such request and to provide to the SBA a complete report (as described in the Rule), including all supporting Submission Materials necessary for Bank to document all prior expenditures of the proceeds of the Note by Borrower and to make and establish to the satisfaction of the SBA the Bank's reasonable expectation of additional expenditures of the proceeds of the Note to be made by Borrower.

3.      Borrower covenants and agrees that upon such time as the Program and/or any Additional Rule permits Borrower and/or Lender to seek Forgiveness, then either, as applicable, (a) upon the request of Bank, Borrower will promptly and fully file or otherwise provide to the SBA all Submission Materials required by the SBA in order to promptly effect Forgiveness, or (b) promptly and fully provide to Bank all Submission Materials required by the SBA necessary for Bank to file or otherwise provide to the SBA all materials necessary to promptly effect Forgiveness, and Borrower shall certify and warrant to Bank the truthfulness, accuracy and completeness of all such Submission Materials provided to the SBA or Bank.

4.      Borrower covenants and agrees that in the event that there shall be an Additional Rule pursuant to which the SBA, the United States Department of the Treasury ("Treasury"), any other department, agency or administration of the United States Government, or any facility, fund or any other mechanism established or sponsored by the SBA, the Treasury or any other such department, agency or administration (a "Facility") is enabled to purchase, forgive or otherwise extinguish any or all of the Obligations by reimbursing or otherwise paying to Bank the Obligations or any portion thereof (a "Repurchase"), then either, as applicable, (a) upon the request of Bank, Borrower will promptly and fully file or otherwise provide to the SBA, the Treasury or the Facility all Submission Materials required by the SBA, the Treasury or the Facility to promptly effect the Repurchase, or (b) promptly and fully provide to Bank all Submission Materials required by the SBA, the Treasury or the Facility necessary for Bank to file or otherwise provide to the SBA, the Treasury or the Facility all materials necessary to effect the Repurchase, and Borrower shall certify to Bank the truthfulness, accuracy and completeness of all Submission Materials provided to the SBA, the Treasury, the Facility or Bank.

5.      Borrower and Bank agree that interest on the principal balance of the Note shall be deferred for a period of six (6) months from the date hereof ("Deferred Interest"), and that the principal balance of the Note and accrued interest therein (including the Deferred Interest) will be paid to the Bank as provided in the Note.

6.      Borrower and Bank agree that upon an Event of Default (as defined in the Note), Bank may declare a Default (as defined in and as provided by the Note) and take such actions as are permitted by the Note.

7.      Borrower agrees that, except as preempted by the Program or any Additional Rule and except as interpretation of the terms hereof require reference to the Program or any Additional Rule, this Agreement shall be governed by and controlled as to enforcement, validity and effect by the laws, statutes and court decisions of the State of Virginia.  All disputes, actions or proceedings between Borrower and Bank arising directly, indirectly or otherwise in connection with this Agreement or any other Loan Documents shall be litigated in the federal or state courts, as applicable, having jurisdiction over the situs of Bank's principal office.  Borrower consents and submits to the jurisdiction of the courts specified in the preceding sentence, and waives any right to seek to transfer or to change the venue of any such litigation.

BORROWER AGREES THAT ANY LITIGATION RELATING TO THIS AGREEMENT OR ANY OTHER LOAN DOCUMENT WILL BE COMMERCIAL IN NATURE AND COMPLEX. IN ORDER TO MINIMIZE THE COSTS AND TIME INVOLVED IN ANY LITIGATION, BORROWER KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO, BASED UPON OR ARISING OUT OF ANY LOAN DOCUMENT.  BORROWER ACKNOWLEDGES THAT SUCH WAIVER IS A MATERIAL INDUCEMENT TO BANK ENTERING INTO THIS AGREEMENT.

8.      Borrower acknowledges and agrees that Bank may assign or transfer its rights and/or obligations under this Agreement and any other Loan Document, in whole or in part, to the SBA, the Treasury, a Facility or any purchaser or purchasers of the Note or any portion thereof.

9.      In consideration of Bank entering into this Agreement, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower hereby releases and forever discharges Bank, its past, present and future shareholders, successors, assigns, officers, directors, agents, attorneys and employees together with their respective heirs, legal representatives, legatees, successors and assigns (collectively "Released Parties") of and from all actions, claims, demands, damages, debts, losses, liabilities, costs, causes of action either at law or in equity and of whatever kind or nature, whether known or unknown, direct or indirect, by reason of any matter, cause or thing whatsoever arising out of or relating to the transactions which are the subject of this Agreement.  Borrower agrees to promptly indemnify and hold each Released Party harmless from all actions, claims, demands, damages, debts, losses, costs, expenses, judgments, monetary sanctions and similar liabilities caused by, arising out of or relating to any breach by Borrower of any of its covenants, agreements, representations or warranties set forth herein.

10.     As used herein, the term "Additional Rule" means any amendment to the Act; any additional federal statute altering or expanding the Rule; any Executive Order of the President of the United States altering or expanding the Rule; any official guidance, form, requirement, procedure, rule, regulation, reporting obligation, notice, program guide or other release by the SBA, the Treasury, a Facility or any other department, agency or administration of the United States Government altering or expanding the Rule or pertaining to, affecting or enabling forgiveness, purchase, repayment or other satisfaction of the principal balance of the Note and

3

interest accrued thereon at any time or from time to time and/or interest thereon (whether accrued or thereafter to accrue) on such principal balance.

11.    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The counterparts of this Agreement may be executed via "wet" signature or electronic mark and may be delivered using .pdf or similar file type transmitted via electronic mail, cloud based server, e-signature technology or other similar electronic means (including, without limitation, use of an electronic signature service such as DocuSign).

Executed under seal and delivered as of the ___28___ day of ___April___, 2020.

BC Hospitality Group Inc                              (SEAL)
_____
Name of Borrower

*Christopher Romano*
Christopher Romano (May 1, 2020)
By:_____
Authorized Officer, Manager or Partner

Chris Romano
_____
Print Name

CFO
_____
Print Office Held


BLUE RIDGE BANK, N.A.


By:_____
Authorized Officer

4

4831-1548-8953.v1