# **EXHIBIT B**

**Blackline**

28046670.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BC HOSPITALITY GROUP INC., *et al.*,<br><br>Debtors.[1] | Chapter 11 (Subchapter V)<br><br>Case No. 20-13103 (BLS)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. —379** |

**ORDER (I) DISMISSING THE DEBTORS' CHAPTER 11 CASES; (II) AUTHORIZING THE DEBTORS TO ABANDON CERTAIN PROPERTY; (III) AUTHORIZING THE DEBTOR ENTITIES TO BE DISSOLVED IN ACCORDANCE WITH APPLICABLE LAW; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 305, 349, 554(a), and 1112(b) of the Bankruptcy Code, Bankruptcy Rules 1017, 2002, and 6007, and Local Rule 1017-2, dismissing the Chapter 11 Cases and granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: BC Hospitality Group Inc. (8766); BC Hospitality Group LLC (9360); BC International LLC (1356); BC Commissary NJ LLC (0230); E2 185 Bleecker LLC (6862); E2 60 West 22nd Street LLC (9567); E2 Lafayette LLC (7419); BC Williamsburg LLC (8277); BCRC LLC (7297); CW SSS LLC (9958); BC Union Square LLC (5172); BC 1385 Broadway LLC (2138); BC 630 Lexington LLC (3202); CCSW Fenway LLC (5517); E2 Seaport LLC (9720); BC Back Bay LLC (0550); BC Providence LLC (0737); BC Silver Lake LLC (2825); BC Century City LLC (0901); and BC West Hollywood LLC (3878). The Debtors' mailing address is 205 Hudson Street, Suite 1001, New York, New York 10013.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

28013052.4

for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 1112(b) and 305(a) of the Bankruptcy Code, the Debtors' Chapter 11 Cases are dismissed, effective immediately.

3. ~~After all allowed professional fees have been paid, the~~ The Debtors shall file a final monthly operating report ~~.~~ that covers the period through the date this Order is entered.

4. The Debtors and the Buyer shall (i) preserve and maintain all Books and Records that are necessary for each of the Debtors' investors under the EB-5 Immigrant Investor Program to complete and support Form I-829 (Petition by Investor to Remove Conditions on Permanent Resident Status), and (ii) comply with information requests from each such investor that are reasonably necessary to complete and support Form I-829.

4. ~~Pursuant to sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are authorized, but not directed, to abandon or destroy, or cause to be abandoned and destroyed, any remaining Books and Records in their possession; *provided*, that any documents containing personally identifiable information must be shredded.~~

5. ~~This~~ Notwithstanding paragraph 10 of this Order, this Order shall be served by Epiq Corporate Restructuring, LLC ("Epiq") on the U.S. Trustee, the Subchapter V Trustee, and all entities that have requested notice pursuant to Bankruptcy Rule 2002, and all of the Debtors' creditors and equity holders, as provided in Bankruptcy Rule 2002(a)(4). No further notice regarding the dismissal of the Chapter 11 Cases shall be required.

28013052.4

6. All of the Debtors' executory contracts and unexpired nonresidential real property leases, to the extent not rejected by prior Court order, assigned to the Buyer, or having expired by their own terms, shall be deemed rejected as of ~~the date of entry of this Order~~April 30, 2021; *provided, however,* that the obligations of the parties under the APA and the Covenant Not to Sue Agreement shall survive and such contracts shall remain in full force and effect in accordance with the terms set forth therein.

7. The retention of Young Conaway Stargatt & Taylor, LLP and Ankura Consulting Group, LLC by the Debtors' estates in terminated, effective immediately, without the need for further action on the part of this Court, the Debtors, or such firms.

8. The employment and service of Patrick J. Bartels, Jr. as a director and/or authorized person of the Debtors is terminated, effective immediately, without the need for further action on the part of this Court, the Debtors, or Mr. Bartels.  <u>Catey Mark Meyers is hereby appointed as a director of BC Hospitality Group Inc., as an officer of the Debtors with the title of "President," and as an authorized person of the Debtors, effective immediately, without the need for further action by the Debtors.</u>

9. <u>Following the entry of this Order and the payment of all outstanding ordinary course operating expenses and professional fees in accordance with the Approved Budget (as defined in the Final DIP Order (as defined below)), the Debtors shall return any unused funding in excess of the $3,250,000 principal amount provided pursuant to the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, and 507 (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting Liens and Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [Docket No. 103] (the "Final DIP Order") to the DIP</u>

Secured Parties (as defined in the Final DIP Order) or the Buyer, as directed by the DIP Secured Parties.

10.     9.Upon entry of this Order, Epiq Corporate Restructuring, LLC ("Epiq"), as the Debtors' claims and noticing agent, is relieved of its responsibilities as the Debtors' claims and noticing agent in the Chapter 11 Cases; *provided* that Epiq shall provide the services described in this paragraph.  In accordance with Local Rule 2002-1(f)(ix), within fourteen (14) days of the entry of this Order, Epiq shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a combined final claims register containing claims against each Debtor, and (d) box and transport all original claims to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

10.As soon as reasonably practicable after entry of this Order, without the need for further action on the part of this Court and without the need for further corporate action or action of the board of directors of the Debtors, to the extent not previously dissolved, the Debtors are authorized to dissolve their corporate entities in accordance with applicable law and the Debtors shall not be required to pay any taxes or fees to cause such dissolution.  Any officer of the Debtors is authorized to execute and file on behalf of the Debtors all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with applicable law.

11.     Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders, and judgments of this Court made during the course of the Chapter 11 Cases of the Debtors, including, without limitation, the Sale Order and the Final DIP Order, shall remain in full force and effect,

28013052.4

shall be unaffected by the dismissal of the Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and *res judicata* unless expressly amended or overruled by a subsequent stipulation, settlement, order or judgment of this Court, as applicable.

12. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

13. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

14. Notwithstanding the dismissal of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order or any other Order of this Court entered in the Chapter 11 Cases.

28013052.4